■ LEIGH D. MERRIMAN et al., Respondents, v RICHARD J. SHERWOOD, Appellant. [612 NYS2d 519] —Order unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: On or about April 10, 1992, plaintiffs commenced this dental malpractice action alleging that defendant failed to examine, diagnose and treat plaintiff Leigh D. Merriman (plaintiff) for periodontal disease. Plaintiff alleged that the periodontal disease should have been diagnosed during her office visit in May 1986 and that the acts of malpractice continued until the dentist-patient relationship terminated in January 1991. Defendant diagnosed the disease in February 1990. Defendant moved for summary judgment dismissing the complaint on the ground that the action is barred by the 2½-year Statute of Limitations applicable to dental malpractice actions (CPLR 214-a). Defendant established that more than two years and six months elapsed between the date of the alleged malpractice, which was the date of the last visit before defendant made the diagnosis, and the commencement of the action. Therefore, the burden shifted to plaintiff to establish her entitlement to the application of the continuous treatment doctrine that operates to toll the running of the Statute of Limitations until the end of the course of treatment *(see, Massie v Crawford,* 78 NY2d 516, 519, *rearg denied* 79 NY2d 978). We conclude that plaintiff failed to meet her burden.

Plaintiff demonstrated only that there was an ongoing dentist-patient relationship and that she had continuing routine and diagnostic examinations twice a year, which are insufficient to invoke the continuous treatment doctrine *(see, Massie v Crawford, supra,* at 519-520; *McDermott v Torre,* 56 NY2d 399, 405; *Charalambakis v City of New York,* 46 NY2d 785, 787; *Siegel v Wank,* 183 AD2d 158, 160). Although defendant's alleged malpractice in failing to examine, diagnose and

treat plaintiff's periodontal disease beginning in May 1986 "may well be negligent, we cannot accept the self-contradictory proposition that the failure to establish a course of treatment is a course of treatment" *(Nykorchuck v Henriques,* 78 NY2d 255, 259). Moreover, defendant's alleged inadequate prophylaxes in May 1986 and in subsequent visits are insufficient to establish a course of continuous treatment of a discrete condition or injury coming within the tolling exception. Thus, we conclude that the continuous treatment doctrine does not apply and that the action is time-barred. (Appeal from Order of Supreme Court, Onondaga County, Murphy, J.—Summary Judgment.) Present—Pine, J. P., Balio, Callahan, Davis and Boehm, JJ.