■ LORRIANE PACE et al., Respondents, v ARTHUR CARON, Appellant. [648 NYS2d 691] —In an action to recover damages for medical malpractice, the defendant appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), entered October 13, 1995, which (1) granted the plaintiffs' motion for leave to file a late notice of medical malpractice and to strike the defendant's Statute of Limitations defense, and (2) denied his cross motion to dismiss the complaint as time-barred pursuant to CPLR 3211 (a) (5).

Ordered that the order is affirmed, with costs.

CPLR 214-a provides, in relevant part, that an action for medical malpractice must be commenced within two and one-half years after the act, omission, or failure complained of or last treatment where there is continuous treatment for the same illness, injury, or condition. Contrary to the defendant's contention that the plaintiffs' causes of action did not fall within the continuous course of treatment exception to the applicable Statute of Limitations, the record establishes that during the entire 15-year period that the plaintiff Lorraine Pace visited him, he monitored and treated her for fibrocystic conditions in her breasts *(see, Garcia-Alano v Guttman Breast Diagnostic Inst.,* 188 AD2d 262, 264). Under the circumstances, the defendant engaged in a course of treatment which was related to the same original condition or complaint which continued without interruption for 15 years and which included the alleged failure to timely diagnose a malignant tumor in Pace's left breast. The court properly determined that such conduct fell within the continuous course of treatment exception to the Statute of Limitations *(see, Nykorchuck v Henriques,* 78 NY2d 255, 258; *see also, McDermott v Torre,* 56

NY2d 399, 405, 410). Miller, J. P., Ritter, Sullivan, Friedmann and Krausman, JJ., concur.