■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DUANE COAD, Appellant. [656 NYS2d 984] —Judgment unanimously affirmed. Memorandum: Upon our review of the record, we conclude that defendant's conviction is supported by legally sufficient evidence and that the verdict is not against the weight of the evidence (*see, People v Bleakley*, 69 NY2d 490, 495). The prosecutor's comments on summation were not so egregious that defendant was deprived of a fair trial, and "the court gave effective curative instructions which erased any potential prejudice to defendant" (*People v Plant*, 138 AD2d 968, *lv denied* 71 NY2d 1031). (Appeal from Judgment of Niagara County Court, Fricano, J.—Felony Driving While Intoxicated.) Present—Denman, P. J., Pine, Doerr, Balio and Fallon, JJ.

■ ALICE EWEN-MASSA et al., Respondents, v JOHN P. HEMMERLEIN, Appellant. [654 NYS2d 536] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly denied defendant's motion for summary judgment dismissing the complaint as time-barred. Plaintiff Alice Ewen-Massa returned to defendant's office seeking treatment "for a matter related to the initial treatment" (*McDermott v Torre*, 56 NY2d 399, 406) and was treated by defendant's physician's assistant. We conclude that there is a sufficient relationship between the physician's assistant and defendant to warrant application of the continuous treatment doctrine and that the complaint was not untimely (*see,* CPLR 214-a; *Ganapolskaya v V.I.P. Med. Assocs.*, 221 AD2d 59, 62-63; *Pierre-Louis v Ching-Yuan Hwa*, 182 AD2d 55, 58; *Watkins v Fromm*, 108 AD2d 233, 237-239).

We reject defendant's contention that the continuous treatment doctrine does not apply to toll the Statute of Limitations with respect to plaintiff Paul T. Massa's derivative claim (*see, Cappelluti v Scolnick*, 207 AD2d 763). (Appeal from Order of Supreme Court, Onondaga County, Stone, J.—Summary Judgment.) Present—Denman, P. J., Pine, Doerr, Balio and Fallon, JJ.