◼ JOAN M. CLOSE et al., Respondents, v JOHN F. GORMAN, M.D., Appellant, et al., Defendants. [727 NYS2d 669] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly granted plaintiffs' motion to amend the complaint to add medical malpractice causes of action alleging that John F. Gorman, M.D. (defendant) failed to diagnose the breast cancer of Joan M. Close (plaintiff) in a timely manner and that he is vicariously liable for the interpretation of her mammograms in 1992 and 1994 by defendant radiologists. Contrary to

defendant's contention, plaintiffs established the applicability of the continuous treatment doctrine, thereby tolling the Statute of Limitations for medical malpractice (see, Massie v Crawford, 78 NY2d 516, 519, rearg denied 79 NY2d 978). Plaintiffs established that defendant had diagnosed plaintiff as having fibrocystic disease in both breasts and was monitoring that condition (see, Pace v Caron, 232 AD2d 617). Also contrary to defendant's contention, plaintiffs have sufficiently explained the delay in moving to add a cause of action based on vicarious liability, and defendant failed to demonstrate that it would be prejudiced by the amendment (cf., Smith v Bessen, 161 AD2d 847, 848-849; Axelrod v Axelrod, 106 AD2d 913). We have examined defendant's remaining contention and conclude that it is lacking in merit. (Appeal from Order of Supreme Court, Onondaga County, Major, J.—Amend Pleadings.) Present—Pigott, Jr., P. J., Wisner, Hurlbutt, Kehoe and Burns, JJ.