■ CAROL ZORN, Respondent, v GINO C. BOTTINO et al., Appellants, et al., Defendant. [738 NYS2d 57] —In an action to re-

cover damages for medical malpractice, the defendants Gino C. Bottino, and Westchester Hematology and Oncology Associates appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Bellantoni, J.), entered August 7, 2000, as denied that branch of their motion which was for summary judgment dismissing the complaint insofar as asserted against them on the ground that it was time-barred and granted that branch of the plaintiff's cross motion which was to strike their affirmative defense based on the statute of limitations, and the defendant Betsy Landenberger separately appeals, as limited by her brief, from so much of the same order as denied her motion for summary judgment dismissing the complaint insofar as asserted against her on the ground that it is time-barred and granted that branch of the cross motion which was to strike her affirmative defense based on the statute of limitations.

Ordered that the order is modified by deleting the provision thereof denying the motion of the defendant Betsy Landenberger and substituting therefor a provision granting that motion, and deleting the provision thereof granting that branch of the plaintiff's cross motion which was to strike Betsy Landenberger's affirmative defense based on the statute of limitations, and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, the complaint is dismissed insofar as asserted against the defendant Betsy Landenberger, and the action against the remaining defendants is severed.

Pursuant to CPLR 214-a, the statute of limitations in a medical malpractice action is tolled until after the patient's last visit "when the course of treatment which includes the wrongful acts or omissions has run continuously and is related to the same original condition or complaint" (*Borgia v City of New York,* 12 NY2d 151, 155; *see, McDermott v Torre,* 56 NY2d 399, 405). Here, the plaintiff's course of treatment by the defendants Gino C. Bottino, and Westchester Hematology and Oncology Associates (hereinafter collectively Westchester Hematology) ran continuously from January 1993 through December 1995 and included the alleged wrongful acts which caused the plaintiff's staph sepsis and osteomyelitis. Therefore, contrary to the contention of Westchester Hematology, the Supreme Court properly determined that the statute of limitations was tolled as to the acts of these defendants (*see, Pace v Caron,* 232 AD2d 617).

The court erred, however, in granting the plaintiff's motion

to strike the statute of limitations' defense with regard to the defendant Betsy Landenberger and in failing to grant that defendant's cross motion for summary judgment. A party moving for summary judgment must make a prima facie showing that he or she is entitled to judgment as a matter of law by offering evidence sufficient to demonstrate the absence of any material issue of fact (*see, Alvarez v Prospect Hosp.*, 68 NY2d 320; *Zuckerman v City of New York*, 49 NY2d 557). Here, Landenberger demonstrated the absence of any material issue of fact with respect to her claim that the action as against her was barred by the statute of limitations. The plaintiff failed to tender sufficient evidence to raise a material issue of fact as to whether Landenberger rendered any treatment to her in connection with the conditions giving rise to the lawsuit within 2½ years before the commencement of the action (*see, Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851; *Zuckerman v City of New York, supra*). Ritter, Acting P.J., Feuerstein, Townes and Prudenti, JJ., concur.