■ LIZZETH P. LEIFER, Respondent, v KIRAN H. PARIKH, Appellant, et al., Defendant. [739 NYS2d 415] —In an action to recover damages for dental malpractice, the defendant Kiran H. Parikh appeals from an order of the Supreme Court, Queens County (Posner, J.), dated April 26, 2001, which denied his motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was for summary judgment dismissing, as time barred, so much of the complaint as asserted malpractice claims based upon treatment rendered in 1996, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff was first treated by the defendant Dr. Kiran H. Parikh (hereinafter the defendant), in February 1996 when she complained about discoloration in one of her teeth. At that time the defendant took X-rays of the plaintiff's mouth and noted that various dental work was necessary. The plaintiff returned three more times in 1996, on March 12, March 15, and March 22, all for procedures involving the discolored tooth. The plaintiff did not return again to the defendant until May 1997, when she complained about pain in two of her teeth in the upper right quadrant of her mouth. At that time the defendant extracted one of these teeth and recommended a root canal procedure on the other one, although the plaintiff never thereafter returned to the defendant for any further treatment.

In June 1999 the plaintiff commenced this lawsuit, alleging that the defendant committed malpractice by failing to diagnose a condition known as ameloblastoma which should have been apparent in the X-rays of the lower left quadrant area of her mouth. The Supreme Court denied the defendant's motion for summary judgment.

A dental malpractice claim generally accrues on the date of the alleged wrongful act or omission, and is governed by a 2½-year statute of limitations (see, CPLR 214-a). However, under the continuous treatment doctrine, the 2½-year period does not begin to run until the end of the course of treatment "when the course of treatment which includes the wrongful acts or omissions has run continuously and is related to the same original condition or complaint" (Borgia v City of New York, 12 NY2d 151, 155; see, Nykorchuck v Henriques, 78 NY2d 255, 258; McDermott v Torre, 56 NY2d 399; Young v New York City Health & Hosps. Corp., 91 NY2d 291). "Essential to the application of the [continuous treatment] doctrine is that there has been a course of treatment established with respect to the condition that gives rise to the lawsuit" (Grippi v Jankunas, 230 AD2d 826; Nykorchuck v Henriques, supra at 259).

There is no proof that the defendant ever diagnosed or undertook any course of treatment with respect to the ameloblastoma condition. The failure to establish a course of treatment does not constitute a course of treatment (see, Nykor-

*chuck v Henriques, supra).* The mere fact that the defendant took X-rays of the plaintiff's mouth in 1996 is not tantamount to establishing a course of treatment for that condition. Under such circumstances, the continuous treatment doctrine is not applicable to toll the Statute of Limitations for any claim arising from the treatment rendered by the defendant in 1996. Thus, these claims are time-barred (*see, Britton v Garson,* 262 AD2d 439; *Trebach v Brown,* 250 AD2d 449; *Merriman v Sherwood,* 204 AD2d 998).

However, to the extent that the complaint is based upon the one treatment rendered in 1997, this claim is timely (*see,* CPLR 214-a). Moreover, contrary to the defendant's contention, there is a triable issue of fact as to whether he departed from good and accepted dental practice by failing to diagnose the ameloblastoma condition on that date. The defendant does not deny the allegation by the plaintiff's expert that additional X-rays were taken in 1997 and that these should have clearly indicated the existence of the condition. Accordingly, dismissal of the complaint is not warranted to the extent that it asserts a malpractice claim stemming from the treatment rendered by the defendant in 1997 (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320; *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851; *Toledo v Ordway,* 208 AD2d 518). Santucci, J.P., Altman, Florio and Goldstein, JJ., concur.