BARBARA REITER et al., Respondents, v JAMES SARTORI, M.D., et al., Appellants. [769 NYS2d 686]—

Appeal from an order of Supreme Court, Onondaga County (Major, J.), entered March 7, 2003, which, inter alia, denied defendants' motion for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court properly denied defendants' motion for summary judgment dismissing the complaint in this medical malpractice action as time-barred and properly granted plaintiffs' cross motion for summary judgment seeking to strike defendants' fifth affirmative defense, which asserted the expira-

tion of the statute of limitations. Plaintiffs commenced this action in October 2000, alleging that defendants failed to diagnose and treat Barbara Reiter (plaintiff) for a lump in her right breast in a proper and timely manner. Defendants met their initial burden by submitting the affidavit of defendant James Sartori, M.D., plaintiff's treating physician, wherein he averred that he last treated plaintiff for conditions related to her right breast on September 12, 1997 and that he last examined plaintiff regarding the condition of her right breast on January 13, 1998 (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Thus, according to defendants, the statute of limitations in this medical malpractice action expired in July 2000.

We further conclude, however, that plaintiffs established the applicability of the continuous treatment doctrine and thus that the statute of limitations was tolled. "[E]ssential to the application of the doctrine is that there has been a course of treatment established with respect to the condition that gives rise to the lawsuit" (*Nykorchuck v Henriques*, 78 NY2d 255, 258-259 [1991]; *see also McDermott v Torre*, 56 NY2d 399, 405 [1982]). Although "[r]outine examination of a seemingly healthy patient, or visits concerning matters unrelated to the condition at issue giving rise to the claim, are insufficient to invoke the benefit of the doctrine" (*Plummer v New York City Health & Hosps. Corp.*, 98 NY2d 263, 268 [2002]), "[t]he monitoring of an abnormality to ascertain the presence . . . of a disease or condition may constitute treatment for purposes of tolling" the statute of limitations (*Oksman v City of New York*, 271 AD2d 213, 215 [2000]; *see Young v New York City Health & Hosps. Corp.*, 91 NY2d 291, 296 [1998]). Here, plaintiffs established that, in examining plaintiff subsequent to January 13, 1998, Dr. Sartori was monitoring the condition that gave rise to this lawsuit, i.e., a bilateral infiltrating ductal carcinoma that originated in plaintiff's right breast, and thus that the statute of limitations was tolled (*see Pace v Caron*, 232 AD2d 617 [1996]; *cf. Oksman*, 271 AD2d at 213-214). We conclude that the mastectomy of plaintiff's left breast subsequent to January 13, 1998 was part of the course of treatment established by Dr. Sartori to monitor and treat plaintiff's fibrocystic breasts and subsequent cancer. Present—Pigott, Jr., P.J., Green, Pine, Hurlbutt and Kehoe, JJ.