NANCY DOLCE et al., Appellants, v MARK POWALSKI, D.D.S., et al., Appellants-Respondents, et al., Defendants. [787 NYS2d 595]—

Appeals and cross appeal from an order of the Supreme Court, Erie County (Joseph D. Mintz, J.), entered July 16, 2003. The order, among other things, denied in part the motions of defendants Mark Powalski, D.D.S. and Carlos Martinez, M.D. for summary judgment and denied that part of plaintiffs' cross motion for partial summary judgment dismissing the affirmative defense of the statute of limitations asserted by defendant Carlos Martinez, M.D.

It is hereby ordered that the order so appealed from be and

the same hereby is unanimously modified on the law by denying the motions in their entirety, reinstating the second cause of action against defendants Mark Powalski, D.D.S. and Carlos Martinez, M.D., granting the cross motion in its entirety, and dismissing the first affirmative defense of defendant Carlos Martinez, M.D. and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this action alleging that defendants failed to diagnose and treat Nancy Dolce (plaintiff) for a lesion in her mouth that became cancerous. Supreme Court properly granted that part of plaintiffs' cross motion for partial summary judgment seeking a determination that defendant Mark Powalski, D.D.S. continuously treated plaintiff for the underlying condition during the time period at issue, thereby precluding him from asserting the statute of limitations as an affirmative defense (*see* CPLR 214-a). Plaintiffs established that the statute of limitations was tolled pursuant to the continuous treatment doctrine (*see Reiter v Sartori*, 2 AD3d 1412, 1413 [2003]; *Oksman v City of New York*, 271 AD2d 213, 215 [2000]; *see also Close v Gorman*, 284 AD2d 1013, 1013-1014 [2001]; *Green v Varnum*, 273 AD2d 906 [2000]; *see generally Nykorchuck v Henriques*, 78 NY2d 255, 258-259 [1991]). Further, we agree with plaintiffs that the court erred in denying that part of their cross motion for partial summary judgment dismissing the affirmative defense of the statute of limitations asserted by defendant Carlos Martinez, M.D., and we therefore modify the order accordingly. The medical records of Dr. Martinez establish that plaintiff had regular appointments with him from September 1991 until October 1999. In addition, Dr. Martinez testified at his deposition that he was plaintiff's primary care physician, that he routinely examined plaintiff's mouth as part of his general examination in monitoring plaintiff's rheumatoid arthritis, and that his plan was to monitor the lesion over time for indications of cancer. Given that testimony, we conclude that plaintiffs established as a matter of law that the continuous treatment doctrine also applies to Dr. Martinez (*see Reiter*, 2 AD3d at 1413; *Oksman*, 271 AD2d at 215). Finally, the court erred in granting in part the motions of Dr. Powalski and Dr. Martinez for summary judgment and dismissing the derivative cause of action, and we therefore further modify the order accordingly. The continuous treatment doctrine applies to toll the statute of limitations with respect to that cause of action to the same extent that it applies to the primary cause of action (*see Ewen-Massa v Hemmerlein*, 237 AD2d 968 [1997]; *Cappelluti v Skolnick*, 207 AD2d 763, 764 [1994]). Present—Pine, J.P., Hurlbutt, Scudder, Gorski and Hayes, JJ.