■ George R. Sofia et al., Appellants, v Carlos Jimenez-Rueda, M.D., Respondent, et al., Defendants. [827 NYS2d 385]—

Appeal from an order of the Supreme Court, Monroe County (Thomas A. Stander, J.), entered February 25, 2006 in a medical malpractice action. The order, insofar as appealed from, granted that part of the motion of defendant Carlos Jimenez-Rueda, M.D. for partial summary judgment and denied plaintiffs' cross motion to strike that defendant's affirmative defense of the statute of limitations.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this medical malpractice action alleging that Carlos Jimenez-Rueda, M.D. (defendant), the primary care physician of George R. Sofia (plaintiff) since 1987, failed to conduct proper screening for colon cancer, resulting in a delayed diagnosis. Beginning in 1997, after plaintiff reached the age of 50, defendant utilized the fecal occult blood test (FOBT) during routine physicals to screen plaintiff for colorectal cancer. The FOBT given to plaintiff in December 2001 was positive, but a retest in January 2002 was negative. Plaintiff began experiencing gastrointestinal symptoms in the fall of 2003, and he informed defendant of those symptoms during a routine physical in November 2003. The FOBT given to plaintiff at the end of October 2003 was positive, and a colonoscopy performed in December 2003 revealed "[p]robable cancer." Subsequent surgery confirmed that plaintiff had colon cancer. Plaintiffs commenced this action on November 24, 2004. Defendant moved for, inter alia, partial summary judgment dismissing the complaint insofar as it concerns medical services rendered prior to May 24, 2002, i.e., more than two years and six months before the commencement of the action (see CPLR 214-a), and plaintiffs cross-moved to strike defendant's affirmative defense of the statute of limitations.

Supreme Court properly granted that part of the motion with respect to the statute of limitations and denied the cross motion. Defendant met his initial burden of establishing that the action was time-barred with respect to services rendered prior to May 24, 2002, and plaintiffs failed to raise a triable issue of

fact whether the statute of limitations was tolled by the continuous treatment doctrine (see CPLR 214-a). Plaintiffs first contend that the toll extends back to January 1997 because defendant admitted that he was screening plaintiff for colon cancer at that time. We reject that contention. "A patient's continuing general relationship with a physician, or routine, periodic health examinations will not satisfy the doctrine's requirement of 'continuous treatment' of the condition upon which the allegations of medical malpractice are predicated" (Young v New York City Health & Hosps. Corp., 91 NY2d 291, 296 [1998]; see Plummer v New York City Health & Hosps. Corp., 98 NY2d 263, 268 [2002]; Nykorchuck v Henriques, 78 NY2d 255, 259 [1991]). As defendant correctly contends, the expectation of continuous diagnostic treatment is not the equivalent of the monitoring of a condition for continuous treatment purposes (see Norum v Landau, 22 AD3d 650, 652 [2005]; see also Reiter v Sartori, 2 AD3d 1412, 1413 [2003]).

Plaintiffs next contend that the toll extends back to December 2001, when plaintiff had a positive FOBT. After the negative FOBT in January 2002, however, no further action was taken or contemplated until the fall of 2003, when plaintiff presented with gastrointestinal complaints. Plaintiff testified at his deposition that he was not aware of the positive FOBT in December 2001, nor was he aware of the negative FOBT in January 2002. Plaintiff also testified that he believed in early 2002 that he was in "good health," he had no concerns with his colorectal area, and defendant did not raise any concerns with him. We conclude that the continuous treatment doctrine does not apply because, according to his own deposition testimony, plaintiff was not aware of the need for further treatment, and the record establishes that no course of treatment was ever established (see Young, 91 NY2d at 293; Nykorchuck, 78 NY2d at 259). "Given plaintiff's lack of awareness of a condition warranting further treatment, the purpose of the continuous treatment doctrine would not be served by its application here" (Young, 91 NY2d at 297). Present—Scudder, P.J., Hurlbutt, Centra and Pine, JJ.