■■ DONNA TRIMPER, as Executrix of WILLIAM TRIMPER, Deceased, Appellant, v CORNELIE M. JONES, M.D., et al., Respondents, et al., Defendant. [829 NYS2d 786]—

Appeal from an order of the Supreme Court, Erie County (Joseph D. Mintz, J.), entered January 6, 2006 in a medical malpractice and wrongful death action. The order granted the motion of defendants Cornelie M. Jones, M.D., Brummitte Dale Wilson, M.D. and Brummitte Dale Wilson, M.D. & Associates to dismiss the amended complaint against them.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this medical malpractice and wrongful death action alleging, inter alia, that Cornelie M. Jones, M.D., Brummitte Dale Wilson, M.D., and Brummitte Dale Wilson, M.D. & Associates (defendants) failed to diagnose decedent's skin cancer in a timely manner. Supreme Court properly granted the motion of defendants seeking dismissal of the amended complaint against them as time-barred (*see* CPLR 214-a). The record establishes that decedent sought treatment from Dr. Jones for a flare-up of eczema and that he subsequently showed her a mole on his left shoulder that concerned him because it seemed to be growing. Dr. Jones excised the mole and had it biopsied in October 1999. Dr. Jones advised decedent on October 29, 1999, through plaintiff, that the lesion was a minor nevus and was not malignant. Decedent next saw Dr. Jones in January 2001, when he experienced another flare-up of eczema, and he again saw Dr. Jones in March 2002 for a flare-up of eczema. At that time, he pointed out a lump under his left arm, and Dr. Jones referred him to his internist. Upon removal of the lump by a surgeon, it was determined that decedent had metastatic melanoma. Decedent did not see Dr. Jones again, after his appointment in March 2002. Plaintiff commenced this action in February 2003, and defendants thus met their burden of establishing that the statute of limitations, which began to run in October 1999, had expired.

In opposing the motion, plaintiff contended that the continuous treatment doctrine was applicable and that the statute of limitations therefore was tolled until decedent's last visit with Dr. Jones, in March 2002. We reject that contention. It is well established that the continuous treatment doctrine does not apply unless there has been a course of treatment established with respect to the condition that gives rise to the lawsuit (*see Plum-*

*mer v New York City Health & Hosps. Corp.*, 98 NY2d 263, 268 [2002]). The failure to make a timely diagnosis and establish a course of treatment does not toll the statute of limitations because "omissions . . . do not amount to a 'course of treatment'" (*Young v New York City Health & Hosps. Corp.*, 91 NY2d 291, 297 [1998], quoting *Nykorchuck v Henriques*, 78 NY2d 255, 259 [1991]). Here, there was no treatment for skin cancer by Dr. Jones. Indeed, according to the results of the biopsy of the mole excised by her, the mole was benign (*see Massie v Crawford*, 78 NY2d 516, 519 [1991], *rearg denied* 79 NY2d 978 [1992]). Plaintiff failed to present any evidence demonstrating that Dr. Jones undertook a course of treatment for skin cancer, and thus the court properly granted defendants' motion. Present—Scudder, P.J., Martoche, Smith, Peradotto and Pine, JJ.