■ LORRAINE DEMARCO, Appellant, v ERIC C. SANTO, D.M.D., et al., Respondents. [842 NYS2d 642]—

Appeal from an order of the Supreme Court, Monroe County (David D. Egan, J.), entered August 1, 2006 in a dental malpractice action. The order granted defendants' motion for summary judgment dismissing the complaint and denied plaintiff's cross motion for partial summary judgment.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff appeals from an order that, inter alia, granted defendants' motion seeking summary judgment dismissing the complaint in this dental malpractice action as time-barred. According to plaintiff, defendants failed to detect a neurofibroma in her mouth until July 21, 2000 although the lesion was evident on X rays taken on May 25, 1995 and January 25, 2000. Eric C. Santo, D.M.D. (defendant) referred plaintiff to an oral surgeon, who diagnosed the lesion as a neurofibroma

and surgically removed it on March 8, 2001. Because plaintiff continued to experience pain, the oral surgeon requested that defendant perform pulp tests on the teeth in the area where the neurofibroma had been removed, in an effort to determine whether there was another cause for the pain. Those tests were performed on May 2, 2001 and April 1, 2002, and plaintiff commenced this action on June 26, 2003.

Contrary to plaintiff's contention, Supreme Court properly granted defendants' motion. We reject plaintiff's contention that the continuous treatment doctrine applies and thus that the statute of limitations pursuant to CPLR 214-a was tolled (*see generally Nykorchuck v Henriques*, 78 NY2d 255 [1991]). Here, although plaintiff continued to treat with defendants for general dentistry purposes during the period when the neurofibroma remained undiagnosed, no course of treatment was established by defendants with respect to that condition, i.e., "the condition that [gave] rise to the lawsuit" (*id.* at 259; *see Leifer v Parikh*, 292 AD2d 426, 427 [2002]). Even assuming, arguendo, that the postsurgical efforts of defendant to determine the source of plaintiff's pain constitute a course of treatment, we conclude that such a course of treatment does not include the alleged wrongful act or omission at issue in this action, i.e., the failure to detect the neurofibroma that was observable on X rays taken as early as 1995, and thus the continuous treatment doctrine does not apply (*see Nykorchuck*, 78 NY2d at 258-259; *Leifer*, 292 AD2d at 427). Present—Scudder, P.J., Martoche, Centra, Green and Pine, JJ.