MARIE CHERISE et al., Appellants, v GEORGE BRAFF et al., Respondents. [855 NYS2d 233]—

In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from (1) an order of the Supreme Court, Kings County (Levine, J.), dated October 20, 2006, which granted the defendants' motion for summary judgment dismissing the complaint as time-barred, and (2) a judgment of the same court entered December 6, 2006, which, upon the order, is in favor of the defendants and against them dismissing the complaint. The notice of appeal from the order dated October 20, 2006 is deemed also to be a notice of appeal from the judgment (*see* CPLR 5501 [c]).

Ordered that the appeal from the order dated October 20, 2006 is dismissed; and it is further,

Ordered that the judgment is reversed, on the law, the defendants' motion for summary judgment dismissing the complaint as time-barred is denied, the complaint is reinstated, and the order is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

In 1997 the plaintiff Marie Cherise (hereinafter the plaintiff) had a routine physical examination at the defendant Cumberland Diagnostic and Treatment Center (hereinafter Cumberland), which was operated by the defendant New York City Health and Hospitals Corporation (hereinafter the NYCHHC). A mammogram was performed at Cumberland as part of the examination. The radiologist interpreting the mammogram noted a "fibroadenoma at the left breast." The radiologist recommended a sonogram, which was performed at Cumberland, and which was reported as "negative." The radiologist also recommended a "six month mammographic evaluation . . . to evaluate the changes at the left breast."

In 1999 another mammogram was performed on the plaintiff at Cumberland as part of a physical examination. The defendant George Braff, who was the radiologist interpreting that mammogram, observed "a calcified fibroadenoma in the left breast." He recommended a "[f]ollow-up" in a year.

In 2000 another mammogram was performed on the plaintiff at Cumberland as part of a physical examination. In interpreting the 2000 mammogram, Dr. Braff observed and reported: "Stable pattern. Calcifying fibroadenoma." He recommended a follow-up in a year.

In 2001 and 2002 two more mammograms were performed on the plaintiff at Cumberland as part of physical examinations. Each year, in interpreting the mammograms, Braff, who compared the mammograms to the prior mammograms, observed that there had "been no significant interval change." He also recommended a "1 year screening mammogram."

In 2003 another mammogram was performed on the plaintiff at Cumberland as part of a physical examination. The radiologist interpreting the mammogram, who compared the mammogram to the two most recent mammograms, observed "a 3 cm irregular mass . . . in the left breast" that "increased in size" from the prior mammograms. A biopsy of that mass revealed that the mass was an "invasive ductal carcinoma."

In October 2004 the plaintiff and her husband, alleging that the defendants improperly failed to diagnose the plaintiff's

breast cancer in a timely manner, commenced the instant action to recover damages for injuries they allegedly sustained as a result of alleged medical malpractice. After a note of issue was filed, the defendants moved for summary judgment dismissing the complaint as time-barred. The Supreme Court granted the motion. We reverse.

The defendants established their entitlement to summary judgment dismissing the complaint as time-barred. A cause of action against the NYCHHC or its employees to recover damages for medical malpractice must be commenced within one year and 90 days of the accrual of the cause of action (*see* McKinney's Uncons Laws of NY § 7401 [2] [New York City Health and Hospitals Corporation Act § 20 (2); L 1969, ch 1016, as amended]; *Oksman v City of New York,* 271 AD2d 213, 214-215 [2000]). The defendants established that the instant action was commenced more than one year and 90 days after the accrual of the malpractice claim, which was specifically based upon acts and omissions occurring between June 14, 2001 and June 17, 2002.

However, in opposition, the plaintiff and her husband raised a triable issue of fact as to whether the statute of limitations was tolled by the continuous treatment doctrine (*see McDermott v Torre,* 56 NY2d 399, 406-407 [1982]). Although routine followup testing does not support the application of the continuous treatment toll (*see Nespola v Strang Cancer Prevention Ctr.,* 36 AD3d 774 [2007]), the monitoring of an abnormal condition may be sufficient to do so (*see Mandel v Herrmann,* 271 AD2d 661, 662 [2000]; *Oksman v City of New York,* 271 AD2d at 215). Thus, "an agreement between physician and patient to continue observation of suspicious breast tissue may constitute sufficient monitoring to support a finding of continuous treatment" (*Oksman v City of New York,* 271 AD2d at 215). Under the circumstances, where, inter alia, the plaintiff testified at her deposition that Cumberland's physicians "told" her that she "ha[d] to go" to Cumberland "every year" for a "checkup" and a mammogram because of her "fibro," an issue of fact exists as to whether the continuous treatment doctrine applies (*see Mosezhnik v Berenstein,* 33 AD3d 895, 896 [2006]; *Prinz-Schwartz v Levitan,* 17 AD3d 175, 177-179 [2005]; *Close v Gorman,* 284 AD2d 1013, 1013-1014 [2001]; *Oksman v City of New York,* 271 AD2d at 215; *Pace v Caron,* 232 AD2d 617 [1996]). Accordingly, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint as time-barred. Spolzino, J.P., Miller, Covello and Balkin, JJ., concur.