■ MATTHEW PERRINO, Respondent, v FRANCIS T. MAGUIRE, DDS, Appellant, et al., Defendant. (Appeal No. 1.) [876 NYS2d 306]—

Appeal from an order of the Supreme Court, Erie County (Kevin M. Dillon, J.), entered January 2, 2008 in a dental malpractice action. The order denied the motion of defendant Francis T. Maguire, DDS for partial summary judgment.

It is hereby ordered that the order so appealed from is unanimously reversed on the law without costs, the motion is granted and those parts of the complaint concerning the alleged negligent acts or omissions of defendant Francis T. Maguire, DDS prior to March 22, 2002 are dismissed.

Memorandum: On September 22, 2004, plaintiff commenced this dental malpractice action against, inter alia, Francis T. Maguire, DDS (defendant), an orthodontist, alleging that he failed to monitor, diagnose and treat plaintiff for conditions related to a keratocyst in his mouth. We conclude that Supreme Court erred in denying defendant's motion pursuant to CPLR 214-a for partial summary judgment dismissing as time-barred "all claims and allegations arising from [defendant's] conduct prior to March 22, 2002."

The record establishes that in 1996 plaintiff's general dentist detected a cyst in plaintiff's mouth that was impacting one of plaintiff's teeth and preventing it from properly erupting. Plaintiff met with defendant in July of that year concerning the impacted tooth. Plaintiff also met with an oral surgeon concerning removal of the cyst, and defendant consulted with the oral surgeon's partner inasmuch as the cyst had to be removed before defendant could commence any orthodontic work on plaintiff. The oral surgeon removed the cyst and bonded a chain to plaintiff's impacted tooth to enable defendant to pull the tooth into proper alignment. Defendant received a copy of the pathology report, which identified the cyst as an odontogenic keratocyst and noted that "[c]ysts of this type are prone to recur." From January 1997 through May 2002, defendant provided general orthodontic care to plaintiff and attempted to align the formerly impacted tooth. On September 30, 2002, plaintiff's then general dentist discovered a second keratocyst.

We conclude that defendant met his burden of establishing that those parts of the complaint concerning his alleged negligent acts or omissions prior to March 22, 2002 are time-barred (see CPLR 214-a; Schreiber v Zimmer, 17 AD3d 342, 343 [2005]). We further conclude that plaintiff failed to raise a triable issue of fact whether the statute of limitations was tolled by the continuous treatment doctrine (see Massie v Crawford, 78 NY2d 516, 519-520 [1991], rearg denied 79 NY2d 978 [1992]; Nailor v Oberoi, 237 AD2d 898 [1997]). Although plaintiff continued to treat with defendant for general orthodontic care during the period in which the second keratocyst remained undiagnosed, defendant never established a course of treatment with respect to that second keratocyst, which is "the condition that [gave] rise to the lawsuit" (Nykorchuck v Henriques, 78

NY2d 255, 259 [1991]; *see DeMarco v Santo*, 43 AD3d 1285 [2007]; *Leifer v Parikh*, 292 AD2d 426 [2002]; *Merriman v Sherwood*, 204 AD2d 998 [1994]). The statement of plaintiff's expert in the expert's affirmation that, because defendant treated a symptom of plaintiff's original cyst, it necessarily followed that defendant was treating the recurrent keratocyst condition, is insufficient to raise an issue of fact to defeat the motion (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). That statement "is speculative and based on assumptions that are not supported by the record" (*Cannarozzo v County of Livingston*, 13 AD3d 1180, 1181 [2004]). In addition, we reject plaintiff's contention that defendant continuously treated plaintiff for the recurrent keratocyst condition based upon a "coordinated treatment plan" with the oral surgeon. Even assuming, arguendo, that defendant's consultations with the oral surgeon's partner constituted a "coordinated treatment plan" for plaintiff's keratocyst condition, we conclude that any such plan concerned only the original keratocyst and terminated once plaintiff's oral surgeon completed surgery to remove that original keratocyst.

Contrary to plaintiff's contention, there is no evidence that defendant attempted to monitor plaintiff's recurrent keratocyst condition, and thus there is no evidence of a course of treatment related to that condition (*see DeMarco*, 43 AD3d at 1286; *Sofia v Jimenez-Rueda*, 35 AD3d 1247 [2006]; *Sinclair v Cahan*, 240 AD2d 152 [1997]). The evidence submitted by plaintiff establishes only that defendant conducted routine, periodic orthodontic examinations and treatment, and such evidence is insufficient to establish that defendant embarked on a course of treatment for plaintiff's recurrent keratocyst condition (*see Young v New York City Health & Hosps. Corp.*, 91 NY2d 291, 296 [1998]; *DeMarco*, 43 AD3d at 1286; *Leifer*, 292 AD2d at 427-428). Present—Centra, J.P., Peradotto, Carni, Green and Pine, JJ.