■ Glen Pichichero, Appellant, v Ronald Falcon et al., Respondents. [37 NYS3d 310]—

In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Marber, J.), entered July 17, 2012, as granted the motion of the defendants Ronald Falcon and Island Dermatology, P.C., and that branch of the motion of Alan L. Spinowitz, which were for summary judgment dismissing, as time-barred, so much of the complaint as sought to recover damages for medical malpractice allegedly committed prior to July 8, 2007, insofar as asserted against them, respectively, and denied his cross motion to strike the defendants' affirmative defenses of the statute of limitations.

Ordered that the order is modified, on the law, (1) by deleting the provision thereof granting the motion of the defendants Ronald Falcon and Island Dermatology, P.C., for summary judgment dismissing, as time-barred, so much of the complaint as sought to recover damages for medical malpractice allegedly committed prior to July 8, 2007, insofar as asserted against them, and substituting therefor a provision denying that motion, (2) by deleting the provision thereof granting that branch of the motion of Alan L. Spinowitz which was for summary judgment dismissing, as time-barred, so much of the complaint as sought to recover damages for medical malpractice allegedly committed prior to July 8, 2007, insofar as asserted against him, and substituting therefor a provision denying that branch of the motion, and (3) by deleting the provision thereof denying that branch of the plaintiff's cross motion which was to strike the affirmative defense of the defendants Ronald Falcon and Island Dermatology, P.C., based on the statute of limitations, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs payable by the defendants appearing separately and filing separate briefs.

The plaintiff began seeing the defendant Ronald Falcon, a dermatologist, as a patient in 1990. In 1998, Falcon diagnosed the plaintiff with two basal cell carcinomas, one on his left upper lip and another on the left side of his nose. From 1998 through 2009, Falcon treated the plaintiff for numerous basal cell and squamous cell carcinomas and pre-cancerous actinic keratoses on the plaintiff's head, neck, and upper torso at least once a year, except for the year 2004. Each time he diagnosed a skin cancer on the plaintiff's head or neck, or one that was very large, Falcon referred the plaintiff to Alan L. Spinowitz, a dermatologist specializing in a procedure called Mohs micrographic surgery (hereinafter Mohs surgery) to remove skin cancers. If Falcon did not refer the plaintiff to Spinowitz, he

eliminated the lesions himself. Between 1998 and 2009, upon Falcon's referral, Spinowitz surgically removed 16 different skin cancers from the plaintiff's head and upper torso, including three on his scalp.

In August 2009, a CT scan performed at South Nassau Communities Hospital in connection with a bicycle accident revealed what appeared to be a potentially cancerous lesion on the plaintiff's skull. On December 18, 2009, a nonparty surgeon at Memorial Sloan Kettering Cancer Center removed the lesion, a basal cell carcinoma which had originated in the plaintiff's scalp, penetrated through his skull, and metastasized to his brain.

On January 8, 2010, the plaintiff commenced this action against Falcon and his professional corporation, Island Dermatology, P.C. (hereinafter together the Falcon defendants), and Spinowitz, seeking to recover damages for, inter alia, medical malpractice. The complaint, as amplified by the bills of particulars, alleged that both doctors had committed malpractice from February 2003 through November 2009 by, among other things, failing to properly diagnose and treat the lesion that metastasized to the plaintiff's brain, during a continuous course of treatment each had undertaken with respect to his skin cancers. In their respective answers, the Falcon defendants and Spinowitz each pleaded the affirmative defense of the statute of limitations. The Falcon defendants moved for summary judgment dismissing, as time-barred, so much of the complaint as sought to recover damages for medical malpractice allegedly committed prior to July 8, 2007, insofar as asserted against them. Spinowitz separately moved, inter alia, for summary judgment dismissing, as time-barred, so much of the complaint as sought to recover damages for medical malpractice allegedly committed prior to July 8, 2007, insofar as asserted against him. The plaintiff cross-moved to strike the affirmative defense of the statute of limitations asserted by the Falcon defendants and Spinowitz. The Supreme Court granted the Falcon defendants' motion, and that branch of Spinowitz's motion which was for summary judgment dismissing, as time-barred, so much of the complaint as sought to recover damages for medical malpractice allegedly committed prior to July 8, 2007, insofar as asserted against him, and denied the plaintiff's cross motion.

The record establishes that Falcon treated and monitored the plaintiff for repeated instances of skin cancer and actinic keratosis on a continuing basis from 1998 through 2009, and, thus, that he engaged in a continuous course of treatment

which related to the same original condition or complaint and included his alleged failure from February 2003 through November 2009 to properly diagnose and treat the lesion which necessitated the December 18, 2009 surgery (*see Cherise v Braff*, 50 AD3d 724, 726 [2008]; *Pace v Caron*, 232 AD2d 617 [1996]). As such, the Supreme Court erred in granting the Falcon defendants' motion for summary judgment dismissing, as time-barred, so much of the complaint as sought to recover damages for medical malpractice allegedly committed prior to July 8, 2007, insofar as asserted against them, and should have granted that branch of the plaintiff's cross motion which was to strike their affirmative defense of the statute of limitations (*see* CPLR 3211 [b]; *Bank of N.Y. v Penalver*, 125 AD3d 796, 797 [2015]; *Mazzei v Kyriacou*, 98 AD3d 1088, 1089 [2012]).

In support of that branch of his motion which was for summary judgment dismissing, as time-barred, so much of the complaint as sought to recover damages for medical malpractice allegedly committed prior to July 8, 2007, insofar as asserted against him, Spinowitz demonstrated, prima facie, that the continuous treatment doctrine was inapplicable to the plaintiff's claims against him because his treatment of the plaintiff was not continuous. Spinowitz rendered a discrete course of treatment in connection with each Mohs surgery he performed on the plaintiff, which ended with the plaintiff's final postoperative visit, after which there was no mutual anticipation of further treatment between them inasmuch as he discharged the plaintiff to Falcon each time with no instructions to return. The plaintiff only returned to Spinowitz upon Falcon's referral after diagnosing a new carcinoma requiring removal, and the plaintiff never made any further complaints about the previous treatments (*see McDermott v Torre*, 56 NY2d 399, 405 [1982]; *Cole v Richard G. Karanfilian, M.D., P.C.*, 117 AD3d 670, 672 [2014]; *Rodriguez v Mount Sinai Hosp.*, 96 AD3d 534, 535 [2012]).

However, in opposition, the plaintiff raised a triable issue of fact as to whether there was continuity of treatment because, during certain return visits to Spinowitz between 2000 and 2009, he complained about and sought treatment for a matter relating to an earlier scalp surgery (*see McDermott v Torre*, 56 NY2d at 406; *Gomez v Katz*, 61 AD3d 108, 113 [2009]). Accordingly, the Supreme Court erred in granting that branch of Spinowitz's motion which was for summary judgment dismissing, as time-barred, so much of the complaint as sought to recover damages for medical malpractice allegedly committed prior to July 8, 2007, insofar as asserted against him.

Inasmuch as questions of fact remain as to whether the continuous treatment toll is applicable to the plaintiff's malpractice claims against Spinowitz, the Supreme Court properly denied that branch of the plaintiff's cross motion which was to strike Spinowitz's affirmative defense of the statute of limitations (*see* CPLR 3211 [b]; *Bank of N.Y. v Penalver*, 125 AD3d at 797; *Mazzei v Kyriacou*, 98 AD3d at 1089). Balkin, J.P., Hall, Roman and Maltese, JJ., concur.