O'Shea v Femia (2021 NY Slip Op 07390)





O'Shea v Femia


2021 NY Slip Op 07390


Decided on December 23, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, NEMOYER, BANNISTER, AND DEJOSEPH, JJ.


918 CA 20-01466

[*1]TIMOTHY B. O'SHEA AND MARGARET A. O'SHEA, PLAINTIFFS-RESPONDENTS,
v
JOSEPH F. FEMIA, M.D., AND JOSEPH F. FEMIA, M.D., P.C., DEFENDANTS-APPELLANTS. 






GALE GALE & HUNT, LLC, FAYETTEVILLE (KEVIN T. HUNT OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
ROBERT F. JULIAN, P.C., UTICA (ROBERT F. JULIAN OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Oneida County (Erin P. Gall, J.), entered October 16, 2020. The order, insofar as appealed from, denied in part defendants' motion for summary judgment dismissing plaintiffs' complaint and granted plaintiffs' cross motion seeking to strike defendants' statute of limitations defense. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the cross motion is denied, the fifth affirmative defense is reinstated, the motion is granted in its entirety, and the complaint is dismissed.
Memorandum: In this medical malpractice action, defendants appeal from those parts of an order that denied in part their motion for summary judgment dismissing the complaint and granted plaintiffs' cross motion to strike defendants' statute of limitations defense. Defendants met their initial burden of establishing that the action was time-barred with respect to services rendered prior to September 8, 2014, and plaintiffs failed to raise a triable issue of fact with respect to the continuous treatment doctrine (see CPLR 214-a; DeMarco v Santo, 43 AD3d 1285, 1286 [4th Dept 2007]; Trimper v Jones, 37 AD3d 1154, 1155-1156 [4th Dept 2007]; Sofia v Jimenez-Rueda, 35 AD3d 1247, 1248-1249 [4th Dept 2006]; see generally Massie v Crawford, 78 NY2d 516, 519-520 [1991], rearg denied 79 NY2d 978 [1992]). With respect to services rendered after September 8, 2014, defendants met their initial burden with respect to deviation from the applicable standard of care, and plaintiffs failed to raise a triable issue of fact in opposition (see Martingano v Hall, 188 AD3d 1638, 1639-1640 [4th Dept 2020], lv denied 36 NY3d 912 [2021]; Lake v Kaleida Health, 59 AD3d 966, 966-967 [4th Dept 2009]). We therefore reverse the order insofar as appealed from, deny the cross motion, reinstate the fifth affirmative defense, grant the motion in its entirety, and dismiss the complaint.
Entered: December 23, 2021
Ann Dillon Flynn
Clerk of the Court