OPINION OF THE COURT
 

 Titone, J.
 

 We are asked on this appeal to determine whether the continuous treatment doctrine applies to toll the 90-day notice of claim period applicable to plaintiff’s medical malpractice suit against defendants for their alleged failure to timely diagnose and treat her cancerous breast condition. Because plaintiff’s allegations establish that she was unaware of the need for further treatment of her breast and that no course of treatment for that condition had otherwise been established during the dispositive time period, the purpose of the toll would not be served by its application here.
 

 Plaintiff had been receiving treatment at the Sydenham Clinic, which is a member of defendant New York City Health & Hospitals Corporation (HHC), for high blood pressure and arthritis. On March 29, 1990, she visited the clinic and complained of breast pain. Plaintiff was examined by Dr. Min, who referred plaintiff to Harlem Hospital — also an HHC affiliate — for a mammogram. Plaintiff’s mammogram was performed on April 18, 1990 and plaintiff was advised at that time that she would be informed of the results. The mammogram report, which was issued on April 25, 1990, revealed nodular densities in the left breast and recommended a biopsy to rule out malignancy, or follow up in three months. This report was forwarded to the Sydenham Clinic, but the test results were not communicated to plaintiff.
 

 Plaintiff returned to the Sydenham Clinic on June 18, 1990 and again on September 29, 1990 for treatment of an unrelated condition. Plaintiff was not informed of the mammogram results on either occasion, which led her to "conclude[ ] that [her] mammography was negative.” On November 14, 1990, however, the clinic phoned plaintiff to instruct her to return
 
 *294
 
 there in connection with the mammogram. Plaintiff was first advised of the abnormalities when she visited the clinic on November 17, 1990. She underwent a repeat mammogram at Sydenham’s direction on January 8, 1991, which confirmed the earlier findings. Dr. Min related the results to plaintiff during a visit on February 28, 1991. A subsequent biopsy revealed cancer. Plaintiff had a mastectomy on March 27, 1991, and the clinic provided plaintiff with postoperative care through July 17, 1991.
 

 Plaintiff filed a notice of claim against defendants HHC and the City of New York on June 14, 1991 and commenced this malpractice action on February 4, 1992. Plaintiff claims that defendant HHC was negligent in failing to advise her of the abnormal results of the April 1990 mammogram until seven months after the report was issued. Defendants moved to dismiss the complaint on the ground that plaintiff failed to file a timely notice of claim. Plaintiff asserted in opposition that the continuous treatment doctrine tolled the 90-day period for filing a notice of claim, reasoning that the treatment of her breast condition began with her initial visit and complaint of breast pain to Dr. Min on March 29, 1990 and continued throughout her postoperative care in July 1991.
 

 Supreme Court granted defendants’ motion to dismiss, in part. The court denied the motion to the extent that defendant sought dismissal "with respect to malpractice accruing on or after November 17, 1990,” observing that defendant conceded that plaintiff underwent a continuous course of treatment between November 17, 1990 and her discharge from surgery in June 1991. However, the court concluded that the continuous treatment doctrine did not apply to defendant’s acts and omissions accruing prior to that date, reasoning that "[t]he passive failure to disclose the existence of a condition warranting, further medical treatment is not a continuing wrong.” Applying precedent, the court concluded that the doctrine had no application here, where plaintiff was not informed of the mammogram results during subsequent clinic visits, did not make any complaints about her breast or inquire about her results, and conceded that she believed the mammogram was negative when she was not informed of the results.
 

 The Appellate Division reversed, with two Justices dissenting. The majority concluded that the continuous treatment doctrine tolled the running of the 90-day period, reasoning that although treatment was not "explicitly ongoing,” the doctors intended to give plaintiff further treatment for the condi
 
 *295
 
 tion, and plaintiff had never "been explicitly told that she would not have to return for further treatment for this condition.” (238 AD2d 174, 175.) The dissent concluded that the doctrine was inapplicable because the record lacks evidence that "plaintiff was in any way aware that further treatment for the breast condition was necessary”. (238 AD2d, at 176-177.)
 

 The case reaches this Court on the following question certified by the Appellate Division: "Was the order of this Court, which reversed the order of the Supreme Court, properly made?” We answer the certified question in the negative, and reverse and reinstate the order of Supreme Court.
 

 To maintain an action against defendant HHC, the injured plaintiff must file a timely notice of claim as a condition precedent to suit (McKinney’s Uncons Laws of NY § 7401 [2] [New York City Health and Hospitals Corporation Act § 20 (2); L 1969, ch 1016, § 1, as amended];
 
 Allende v New York City Health & Hosps. Corp.,
 
 90 NY2d 333, 337). General Municipal Law § 50-e (1) provides that the notice of claim must be filed within 90 days of the date the claim arises or the cause of action accrues. In a medical malpractice action, the cause of action accrues on the date when the alleged original negligent act or omission occurred
 
 (Matter of Daniel J. v New York City Health & Hosps. Corp.,
 
 77 NY2d 630, 634).
 

 The parties to this litigation agree that any claims based on defendant’s failure to diagnose and treat her breast condition would have accrued in April 1990 when HHC learned of the abnormal mammography results. Plaintiff filed her notice of claim on June 14, 1991 — well outside the 90-day period for such filing. Although plaintiff could have moved for leave to file a late notice of claim at that time, she failed to follow that course. Accordingly, unless plaintiff can establish that the toll of the "continuous treatment doctrine” applies here to her benefit, her notice of claim is untimely as to those claims accruing prior to November 17, 1990 — the date that defendants concede continuous treatment for the breast condition began.
 

 The toll for continuous treatment is codified in CPLR 214-a. That statute provides that a medical malpractice action must be commenced within
 
 21h
 
 years from the date "of the act, omission or failure complained of
 
 or last treatment where there is continuous treatment for the same illness, injury or condition which gave rise to said act, omission or
 
 failure” (CPLR 214-a [emphasis supplied]). The tolling provision has equal application in determining whether a suit was filed within the rele
 
 *296
 
 vant Statute of Limitations period or whether a plaintiff has timely filed a notice of claim
 
 (Allende v New York City Health & Hosps. Corp.,
 
 90 NY2d, at 337-338,
 
 supra; Borgia v City of New York,
 
 12 NY2d 151, 155). Thus, under the "continuous treatment doctrine,” a Statute of Limitations or a notice of claim period does not begin to run until "the course of treatment which includes the wrongful acts or omissions has run
 
 continuously
 
 and is
 
 related to
 
 the same original condition or complaint”
 
 (Borgia v City of New York,
 
 12 NY2d, at 155,
 
 supra
 
 [emphasis supplied]; CPLR 214-a).
 

 The toll of the continuous treatment doctrine was created to enforce the view that a patient should not be required to interrupt corrective medical treatment by a physician and undermine the continuing trust in the physician-patient relationship in order to ensure the timeliness of a medical malpractice action or notice of claim
 
 (Rizk v Cohen,
 
 73 NY2d 98, 104;
 
 Borgia v City of New York,
 
 12 NY2d 151, 156,
 
 supra).
 
 Because a patient who is not aware of the need for further treatment of a condition is not faced with the dilemma that the doctrine is designed to prevent, the primary focus in determining whether the doctrine applies in a given case must remain on the patient
 
 (Allende v New York City Health & Hosps. Corp.,
 
 90 NY2d 333, 337-338, supra;
 
 Rizk v Cohen,
 
 73 NY2d 98, 104,
 
 supra).
 

 A patient’s continuing general relationship with a physician, or routine, periodic health examinations will not satisfy the doctrine’s requirement of "continuous treatment” of the condition upon which the allegations of medical malpractice are predicated
 
 (Massie v Crawford,
 
 78 NY2d 516, 519;
 
 McDermott v Torre,
 
 56 NY2d 399, 406). Notably, "treatment” does not necessarily terminate upon a patient’s last visit if further care or monitoring of the condition is "explicitly anticipated by both physician and patient as manifested in the form of a regularly scheduled appointment for the near future, agreed upon during the last visit, in conformance with the periodic appointments which characterized the treatment in the past”
 
 (Richardson v Orentreich,
 
 64 NY2d 896, 898-899).
 

 Applying the aforementioned principles, and accepting the facts as alleged by plaintiff on this motion for summary judgment as we must
 
 (Rizk v Cohen,
 
 73 NY2d 98, 103,
 
 supra),
 
 we conclude that plaintiff may not benefit from the continuous treatment doctrine’s toll. As an initial matter, plaintiff’s periodic visits to the clinic for treatment of unrelated health conditions do not establish a course of treatment for the breast condition
 
 (Massie v Crawford,
 
 78 NY2d, at 519, supra;
 
 Borgia v
 
 
 *297
 

 City of New York,
 
 12 NY2d at 157,
 
 supra).
 
 Indeed, the record contains only plaintiffs allegations that she was not told of her breast condition at visits to her doctor for unrelated illnesses following her initial complaint and mammogram. In essence, plaintiff alleges nothing more than defendants’ failure to timely diagnose and establish a course of treatment for her breast condition, omissions that do not amount to a "course of treatment”
 
 (Nykorchuck v Henriques,
 
 78 NY2d 255, 259).
 

 Nor has plaintiff shown that
 
 both
 
 she and her physician explicitly contemplated further treatment of her breast condition between April and November 1990. The record contains proof that plaintiff’s physician contemplated further treatment after he received the abnormal mammogram results. However, plaintiff admits that she believed that her original mammogram was negative when she was not informed of the test results at subsequent clinic visits in June and September 1990. Additionally, plaintiff never inquired about the mammography results or brought further complaints to her physician’s attention. Plaintiff’s concession and conduct indicate that she did not contemplate further treatment by defendant of any breast condition prior to November 17, 1990, when she was advised of the abnormal mammography results and treatment for that condition commenced. Given plaintiff’s lack of awareness of a condition warranting further treatment, the purpose of the continuous treatment doctrine would not be served by its application here. Thus, Supreme Court properly granted defendants’ motion to dismiss with respect to all claims of negligence or malpractice accruing prior to November 17, 1990.
 

 Accordingly, the order of the Appellate Division should be reversed, with costs, the order of Supreme Court, New York County, reinstated, and the certified question answered in the negative.
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Levine, Ciparick and Wesley concur.
 

 Order reversed, etc.