■ PAULETTE McINNIS et al., Respondents, v MICHAEL S. BLOCK et al., Defendants, and RADIOLOGICAL ASSOCIATES, Appellant. (Action No. 1.) PAULETTE McINNIS et al., Respondents, v RICHARD L. STAPEN et al., Defendants, and RADIOLOGICAL ASSOCIATES OF HEMPSTEAD GENERAL HOSPITAL, Appellant. (Action No. 2.) [688 NYS2d 616] —In two related actions to recover damages for medical malpractice, the defendant, Radiological Associates of Hempstead General Hospital, sued in Action No. 1 as Radiological Associates, appeals from an order of the Supreme Court, Nassau County (Davis, J.), dated June 12, 1998, which denied its motion for summary judgment dismissing the complaints insofar as they are asserted against it.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaints are dismissed insofar as asserted against the appellant, and the actions against the remaining defendants are severed.

The appellant conducted mammograms on the plaintiff Paulette McInnis in 1991, 1993, and 1994. The Supreme Court erred when it found that the continuing treatment doctrine tolled the Statute of Limitations with respect to the 1991 and 1993 mammograms (*see, Young v New York City Health & Hosps. Corp.,* 91 NY2d 291; *Massie v Crawford,* 78 NY2d 516; *Nykorchuck v Henriques,* 78 NY2d 255, 259).

The court also erred when it refused to grant summary judgment dismissing those claims arising out of the 1994 mammogram, as the plaintiffs failed to produce evidentiary proof in admissible form sufficient to establish that any negligence in connection with the 1994 mammogram was a proximate cause of Paulette McInnis's injuries (*see, Zuckerman v City of New York,* 49 NY2d 557, 562). O'Brien, J. P., Thompson, Krausman and Luciano, JJ., concur.