■ KATHY G. BERGMANN et al., Appellants, v ISMAEL DAVID, Respondent, et al., Defendant. [748 NYS2d 407] —In an action, inter alia, to recover damages for medical malpractice and wrongful death, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Klein, J.), dated June 5, 2001, as granted that branch of the motion of the defendant Ismael David which was for summary judgment dismissing certain claims as time-barred.

Ordered that the order is affirmed insofar as appealed from, with costs.

Beginning in November 1993 and ending in April 1995, the defendant Dr. Ismael David treated the plaintiff's decedent, who had a history of smoking, for a variety of ailments including double vision, Lyme disease, rectal discharge, hemorrhoids, an abscessed groin, pain in his right hip, problems tripping, and weakness in his right foot and hand. The decedent did not visit Dr. David again until October 1996. The day following his return to Dr. David's care, the decedent was admitted to St. Charles Hospital, where he was diagnosed with terminal lung cancer. The decedent died approximately one week later, on November 4, 1996.

On or about October 15, 1998, the plaintiff, individually, and as administratrix of the decedent's estate, commenced this action against, among others, Dr. David. Dr. David moved, inter alia, for summary judgment dismissing certain claims as time-barred. In opposition, the plaintiffs contended that the continuous treatment doctrine tolled the statute of limitations. The Supreme Court, inter alia, granted that branch of Dr. David's motion and dismissed certain claims as untimely. We affirm.

Under the circumstances of this case, the latest date on which the plaintiffs' medical malpractice cause of action could accrue with respect to Dr. David was April 1995. The plaintiffs commenced this action in October 1998, which was more than three years after the latest possible accrual date. Thus, absent an applicable tolling provision, the plaintiffs' medical malpractice cause of action was time-barred (see CPLR 214-a).

Contrary to the plaintiffs' contention, the continuous treatment doctrine did not apply to toll the statute of limitations. The plaintiffs failed to submit evidence demonstrating that the ailments treated by Dr. David involved a continuing course of treatment relating to the same condition or complaint (see Young v New York City Health & Hosps. Corp., 91 NY2d 291). Accordingly, the Supreme Court properly granted that branch of Dr. David's motion which was for summary judgment dismissing certain claims as time-barred. Florio, J.P., S. Miller, Schmidt and Mastro, JJ., concur.