■ EDWARD WICKMAN, Appellant, v MED STATION WALK-IN MEDICAL CARE et al., Respondents. [781 NYS2d 615]—In an action to recover damages for medical malpractice, the plaintiff appeals from an order of the Supreme Court, Queens County (Dye, J.), dated June 25, 2003, which granted the defendants' motion for partial summary judgment dismissing as time-barred all causes of action alleging medical malpractice stemming from an office visit on December 9, 1995.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action to recover damages for medical malpractice by filing a summons and verified complaint on September 10, 1998. He alleged that the defendant Russell H. Samuels, inter alia, negligently failed to diagnose an atrial fibrillation and viral cardiopathy. The defendants moved for partial summary judgment dismissing all causes of action alleging medical malpractice stemming from an office visit on December 9, 1995, as time-barred.

In opposition to the defendants' prima facie demonstration of entitlement to judgment as a matter of law, the plaintiff failed to raise a triable issue of fact that the statute of limitations was tolled by the continuous treatment doctrine (*see Young v New York City Health & Hosps. Corp.*, 91 NY2d 291 [1998]; *Massie v Crawford*, 78 NY2d 516 [1991]; *Nykorchuck v Henriques*, 78 NY2d 255 [1991]; *McDermott v Torre*, 56 NY2d 399 [1982]). Accordingly, the Supreme Court properly granted the defendants' motion for partial summary judgment. Luciano, J.P., Mastro, Spolzino and Skelos, JJ., concur.