■ JEAN-MARC GASPARD et al., Appellants, v WILFRID HERARD et al., Respondents. [799 NYS2d 141]—

In an action, inter alia, to recover damages for medical malpractice, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Patterson, J.), dated January 12, 2004, as granted those branches of the separate motions of the defendants Wilfrid Herard, Medical Practice of Wilfrid Herard, P.C., and Wilfrid Herard, P.C., and the defendants Paul E. Nacier and Paul E. Nacier, M.D., P.C., which were for summary judgment dismissing the cause of action sounding in medical malpractice, and denied his cross motion for summary judgment striking the defendants' affirmative defenses based upon the statute of limitations.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendants Wilfrid Herard, Medical Practice of Wilfrid Herard, P.C., and Wilfrid Herard, P.C., which was for summary judgment dismissing so much of the cause of action alleging medical malpractice as was based upon treatment rendered in 1998 insofar

as asserted against those defendants and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the defendants Paul E. Nacier, and Paul E. Nacier, M.D., P.C., payable by the plaintiff, and that portion of that cause of action is reinstated.

A medical malpractice cause of action accrues on the date of the alleged act, omission, or failure complained of, and is subject to a 2¹/₂-year statute of limitations (*see* CPLR 214-a; *Young v New York City Health & Hosps. Corp.*, 91 NY2d 291, 295 [1998]; *Massie v Crawford*, 78 NY2d 516, 519 [1991]; *Nykorchuck v Henriques*, 78 NY2d 255, 258 [1991]). However, under the continuous treatment doctrine, the statute of limitations is tolled "when the course of treatment which includes the wrongful acts or omissions has run continuously and is related to the same original condition or complaint" (*McDermott v Torre*, 56 NY2d 399, 405 [1982] [internal quotation marks omitted]).

The defendants Paul E. Nacier and Paul E. Nacier, M.D., P.C. (hereinafter the Nacier defendants), established their prima facie entitlement to summary judgment by demonstrating that the plaintiff commenced the subject medical malpractice cause of action after the statute of limitations had expired. In opposition, the plaintiff failed to raise a triable issue of fact that the statute of limitations was tolled by the continuous treatment doctrine (*see Young v New York City Health & Hosps. Corp., supra; Massie v Crawford, supra; Nykorchuck v Henriques, supra*). Therefore, the Nacier defendants were entitled to summary judgment.

Similarly, the defendants Wilfrid Herard, Medical Practice of Wilfrid Herard, P.C., and Wilfrid Herard, P.C. (hereinafter the Herard defendants), established their entitlement to summary judgment with respect to so much of the medical malpractice cause of action as was based upon treatment rendered in 1994 by demonstrating that the plaintiff commenced that cause of action after the statute of limitations had expired. The plaintiff failed to raise a triable issue of fact that the statute of limitations was tolled by the continuous treatment doctrine (*see Young v New York City Health & Hosps. Corp., supra; Massie v Crawford, supra; Nykorchuck v Henriques, supra*). Therefore, the Herard defendants were entitled to summary judgment with respect to so much of the medical malpractice cause of action as was based upon treatment rendered in 1994.

However, the Herard defendants failed to establish their prima facie entitlement to summary judgment with respect to so much of the medical malpractice cause of action as was based

upon treatment rendered in 1998, since there is an issue of fact as to whether the continuous treatment doctrine is applicable under the circumstances of this case (*see Richardson v Orentreich,* 64 NY2d 896 [1985]; *McDermott v Torre, supra*). Therefore, the Herard defendants are not entitled to summary judgment dismissing so much of the medical malpractice cause of action as was based upon treatment rendered in 1998.

In view of the foregoing, the Supreme Court properly denied the plaintiff's cross motion for summary judgment dismissing the defendants' affirmative defenses based upon the statute of limitations. Cozier, J.P., Ritter, Santucci and Luciano, JJ., concur.