■ ELENOR NESPOLA, Appellant, v STRANG CANCER PREVENTION CENTER et al., Respondents, et al., Defendants. [828 NYS2d 494]—

In an action to recover damages for medical malpractice, the plaintiff appeals, as limited by her brief, from so much of a judgment of the Supreme Court, Kings County (Patterson, J.), entered January 14, 2005, as, upon an order of the same court dated October 22, 2004 granting the motion of the defendants Delia M. Keating and H. Dirk Sostman, M.D., P.C., and the separate motion of defendant Strang Cancer Prevention Center, pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against them as time-barred, is in favor of those defendants and against her, dismissing the complaint insofar as asserted against them.

Ordered that the judgment is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

A medical malpractice cause of action accrues on the date of the alleged act, omission, or failure complained of, and is subject to a 2½-year statute of limitations (see CPLR 214-a; *Young v New York City Health & Hosps. Corp.,* 91 NY2d 291, 295 [1998]; *Massie v Crawford,* 78 NY2d 516, 519 [1991]; *Nykorchuck v Henriques,* 78 NY2d 255, 258 [1991]). However, under the continuous treatment doctrine, the statute of limitations is tolled " 'when the course of treatment which includes the wrongful acts or omissions has run continuously and is related to the same original condition or complaint' " (*McDermott v Torre,* 56 NY2d 399, 405 [1982], quoting *Borgia v City of New York,* 12 NY2d 151, 155 [1962]).

The defendants Delia M. Keating, H. Dirk Sostman, M.D., P.C., and Strang Cancer Prevention Center (hereinafter collectively the defendants) demonstrated that the plaintiff commenced the subject medical malpractice cause of action after the statute of limitations had expired. In opposition to the motions, the plaintiff failed to show that the statute of limitations was tolled by the continuous treatment doctrine (*see Young v New York City Health & Hosps. Corp., supra* at 296-297; *Massie v Crawford, supra; Nykorchuck v Henriques, supra* at 259; *see also Gaspard v Herard*, 20 AD3d 504, 505 [2005]). The evidence demonstrated that the defendants merely provided the plaintiff's decedent, Maria Pennisi (hereinafter the patient) routine annual mammograms and semi-annual breast examinations. Although the plaintiff submitted an affidavit from the patient in opposition wherein the patient averred that the defendants treated her for a specific breast condition, this was directly contradicted by the patient's deposition testimony. Thus, the Supreme Court properly granted the motion and dismissed the complaint insofar as asserted against the defendants.

In light of the foregoing, we do not reach the plaintiff's remaining contention. Miller, J.P., Rivera, Krausman and Goldstein, JJ., concur.