McKeon, EJ. (dissenting).
I dissent and would reverse the order of the court below and grant defendants’ motion to dismiss plaintiffs complaint as time-barred.
Plaintiffs underlying employment discrimination case was settled for $70,000 on July 18, 2000. She was represented by defendants. The terms of the settlement were contained within a six-page document which sets forth, inter alia, the specific amounts which would be subject to W-2 and 1099 forms to be filed by plaintiffs former employer with the Internal Revenue Service (IRS).
Sometime in 2002, plaintiffs 2000 tax return came under IRS scrutiny. Plaintiff consulted with defendants regarding the IRS inquiry and the tax ramifications of her 2000 settlement. For a time, defendant represented plaintiff before the tax court, but withdrew as her lawyers in early 2003. Thereafter, upon receiving an adverse ruling from that tribunal, plaintiff sued defendants in December 2003 for legal malpractice stemming from their representation of plaintiff in negotiating the terms of the July 2000 settlement. Defendants moved, inter alia, to dismiss the action on the grounds that it was time-barred, the action having accrued in July 2000 and the three-year limitations’ period for malpractice (see CPLR 214 [6]) having expired in July 2003.
In response, plaintiff asserted that her suit was timely and that her claim for legal malpractice accrued in 2003 because defendants’ representation of her in the tax matter constituted continuous representation with their earlier services in the underlying employment discrimination case. I disagree.
When plaintiffs employment discrimination suit was settled in July 2000, there was no expectation that defendants would be called upon to perform future legal services on plaintiffs behalf. The “continuous representation” doctrine requires “a mutual understanding of the need for further representation on the specific matter underlying the malpractice claim” (McCoy v Feinman, 99 NY2d 295, 306 [2002]). There is no such showing here.
The mere fact that plaintiffs tax woes arose from her employment discrimination settlement is not enough to constitute continuous representation. From July 2000 until her receipt of the IRS inquiry, several years later, plaintiff did not reasonably anticipate further representation by defendants. Thus, there is no basis to conclude that plaintiff and defendants had an attorney-client relationship during this period, let alone one *37 which would constitute continuous representation and bridge the gap between the July 2000 settlement and the beginning of plaintiff’s tax problems in 2002 (cf. Young v New York City Health & Hosps. Corp., 91 NY2d 291, 296 [1998]).
Plaintiff’s commencement of her malpractice action in December 2003 occurred more than three years after the accrual of her alleged cause of action in July 2000. Thus, plaintiffs complaint is time-barred and must be dismissed.
McCooe and Davis, JJ., concur; McKeon, EJ., dissents in a separate opinion.