■ LEA MARKS, Appellant, v LAWRENCE M. MODEL, Respondent, et al., Defendants. (And a Third-Party Action.) [862 NYS2d 533]—

In an action to recover damages for medical malpractice, the plaintiff appeals (1) from an order of the Supreme Court, Rockland County (Sherwood, J.), dated March 29, 2007, which granted the motion of the defendant Lawrence M. Model, in effect, for summary judgment dismissing so much of the complaint as was based upon alleged acts of medical malpractice occurring prior to September 11, 2000, as time-barred pursuant to CPLR 214-a, and (2), as limited by her brief, from so much of an order of the same court dated August 24, 2007, as, in effect, upon reargument, adhered to the original determination in the order dated March 29, 2007.

Ordered that the appeal from the order dated March 29, 2007 is dismissed, as that order was superseded by the order dated August 24, 2007, in effect, made upon reargument; and it is further,

Ordered that the order dated August 24, 2007 is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendant Lawrence M. Model.

A medical malpractice cause of action accrues on the date of the alleged act, omission, or failure complained of, and is subject to a 2½-year statute of limitations (see CPLR 214-a; *Williamson v PricewaterhouseCoopers LLP*, 9 NY3d 1, 5 [2007]; *Nykorchuck v Henriques*, 78 NY2d 255, 258-259 [1991]; *Nespola v Strang Cancer Prevention Ctr.*, 36 AD3d 774 [2007]). However, the continuous treatment doctrine acts to toll the statute when "there has been a course of treatment established with respect to the condition that gives rise to the lawsuit" (*Nykorchuck v Henriques*, 78 NY2d at 259; *see Williamson v Pricewaterhouse Coopers LLP*, 9 NY3d at 5; *Nespola v Strang Cancer Prevention Ctr.*, 36 AD3d 774 [2007]).

The defendant Lawrence M. Model established his prima facie entitlement to summary judgment by demonstrating that the plaintiff's medical malpractice claims arising prior to September 11, 2000 were time-barred (see CPLR 214-a). In opposition to the motion, the plaintiff failed to raise a triable issue of fact by showing that the statute of limitations was tolled by the

continuous treatment doctrine (*see Williamson v Pricewater-houseCoopers LLP,* 9 NY3d at 5; *Nykorchuck v Henriques,* 78 NY2d at 258-259; *Nespola v Strang Cancer Prevention Ctr.,* 36 AD3d 774 [2007]). The plaintiff's continuing general relationship with Dr. Model did not qualify as continuous treatment (*see Young v New York City Health & Hosps. Corp.,* 91 NY2d 291, 296 [1998]; *Roca v Perel,* 51 AD3d 757 [ 2008]).

The plaintiff's contention raised upon reargument that Dr. Model's motion was barred by CPLR 3212 (a) is without merit. As noted by the Supreme Court, discovery continued well after the plaintiff filed her initial note of issue, and the note of issue was stricken and refiled on September 21, 2006. Therefore, Dr. Model's motion was timely pursuant to CPLR 3212 (a) and, in any event, good cause was demonstrated for the delay in bringing the motion (*see Gonzalez v 98 Mag Leasing Corp.,* 95 NY2d 124 [2000]; *Sclafani v Washington Mut.,* 36 AD3d 682 [2007]).

The plaintiff's remaining contention is unpreserved for appellate review. Santucci, J.P., Angiolillo, Eng and Chambers, JJ., concur.