Smith v Cooper (2019 NY Slip Op 03396)





Smith v Cooper


2019 NY Slip Op 03396


Decided on May 1, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
LEONARD B. AUSTIN
ROBERT J. MILLER, JJ.


2018-03192
 (Index No. 56422/17)

[*1]Jack Smith, et al., appellants,
v
Howard A. Cooper, etc., defendant, Westchester Medical Center, respondent.


Arye, Lustig & Sassower, P.C., New York, NY (Jay A. Wechsler and Mitchell J. Sassower of counsel), for appellants.
Heidell, Pittoni, Murphy & Bach, LLP, White Plains, NY (Daniel S. Ratner of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for medical malpractice, the plaintiffs appeal from an order of the Supreme Court, Westchester County (William J. Giacomo, J.), dated January 11, 2018. The order granted the motion of the defendant Westchester Medical Center for summary judgment dismissing the complaint insofar as asserted against it pursuant to General Municipal Law §§ 50-d and 50-e for failure to serve a timely notice of claim.
ORDERED that the order is affirmed, with costs.
The plaintiff Jack Smith (hereinafter the plaintiff) had end-stage kidney disease and kidney failure and was awaiting a kidney transplant. On October 30, 2015, the plaintiff presented to the defendant Westchester Medical Center (hereinafter WMC) for the transplant. As part of the work-up for the transplant, the plaintiff had a chest X-Ray performed, which revealed a pericardial effusion. A pericardiocentisis was performed at WMC to drain the fluid around the plaintiff's heart. The plaintiff's heart was punctured during the procedure, which required an emergency sternotomy on October 31, 2015, to repair the plaintiff's right ventricle.
The plaintiff was discharged from WMC on November 5, 2015, and received follow-up cardiac care at WMC for his pericardial effusion until March 16, 2016. The plaintiff continued treatment at WMC for his kidney condition and pre-transplant evaluations, which included brief cardiovascular evaluations through 2016 and into 2017. The plaintiff ultimately received a kidney transplant in September 2017.
On January 12, 2017, the plaintiff, and his wife suing derivatively (hereinafter together the plaintiffs), filed a notice of claim against, among others, WMC, alleging medical malpractice based on the negligent performance of the pericardiocentisis. On April 24, 2017, the plaintiffs commenced this action to recover damages for medical malpractice. WMC moved for summary judgment dismissing the complaint insofar as asserted against it pursuant to General Municipal Law §§ 50-d and 50-e for failure to file a timely notice of claim. The Supreme Court granted WMC's motion, and the plaintiffs appeal.
A medical malpractice action "accrues on the date when the alleged original negligent act or omission occurred" (Young v New York City Health & Hosps. Corp., 91 NY2d 291, 295). A notice of claim against a municipal corporation must be served within 90 days of the time the claim arises (see General Municipal Law § 50-e[1]). However, the continuous treatment doctrine may toll the 90-day period within which the notice of claim must be filed (see Matthews v Barrau, 150 AD3d 836, 837). The doctrine applies when the course of treatment that includes the wrongful acts or omissions has run continuously and is related to the same original condition or complaint (see Young v New York City Health & Hosps. Corp., 91 NY2d at 296; Chestnut v Bobb-McKoy, 94 AD3d 659, 660). The continuous treatment must be for the same illness, injury, or condition that gave rise to the act, omission, or failure originally complained of (see Plummer v New York City Health & Hosps. Corp., 98 NY2d 263, 267). Medical visits concerning matters unrelated to the condition at issue giving rise to the claim are insufficient to invoke the benefit of the doctrine (see id. at 268).
Here, WMC established its prima facie entitlement to judgment as a matter of law by submitting evidence, including the plaintiff's medical records, showing that the alleged negligence in performing the pericardiocentisis occurred on October 30, 2015, and that treatment for the plaintiff's injuries allegedly arising from the pericardiocentisis terminated on March 16, 2016. The plaintiff's medical records also established, prima facie, that any subsequent treatment he received related to his end-stage renal disease, which was separate from the pericardiocentisis. In opposition, the plaintiffs failed to raise a triable issue of fact. Accordingly, we agree with the Supreme Court's determination granting WMC's motion for summary judgment dismissing the complaint insofar as asserted against it.
RIVERA, J.P., BALKIN, AUSTIN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court