Mello v Long Is. Vitreo-Retinal Consultant, P.C. (2019 NY Slip Op 03585)





Mello v Long Is. Vitreo-Retinal Consultant, P.C.


2019 NY Slip Op 03585


Decided on May 8, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2017-05862
 (Index No. 8280/13)

[*1]Bruce Mello, respondent, 
v
Long Island Vitreo-Retinal Consultant, P.C., et al., defendants, Ophthalmic Consultants of Long Island, et al., appellants.


Kelly Rode & Kelly, LLP, Mineola, NY (Eric P. Tosca and Shawn Kelly of counsel), for appellants.
Law Offices of Daniel A. Thomas, P.C., New York, NY, for respondent.



DECISION & ORDER
In an action to recover damages for medical malpractice, the defendants Ophthalmic Consultants of Long Island and Robert Broderick appeal from an order of the Supreme Court, Nassau County (Angela G. Iannacci, J.), entered April 19, 2017. The order denied the motion of those defendants pursuant to CPLR 3211(a)(5) to dismiss the amended complaint insofar as asserted against them as time-barred.
ORDERED that the order is modified, on the law, by deleting the provisions thereof denying those branches of the motion of the defendants Ophthalmic Consultants of Long Island and Robert Broderick which were pursuant to CPLR 3211(a)(5) to dismiss so much of the amended complaint as alleged acts of medical malpractice occurring on February 25, 2011, and July 15, 2011, insofar as asserted against them as time-barred, and substituting therefor provisions granting those branches of the motion; as so modified, the order is affirmed, with costs payable to the defendants Ophthalmic Consultants of Long Island and Robert Broderick.
On November 12, 2015, the plaintiff commenced this medical malpractice action against the defendant Ophthalmic Consultants of Long Island (hereinafter OCLI), and he later amended his complaint to add OCLI's principal, the defendant Robert Broderick, as a defendant. The action was consolidated with a prior action that the plaintiff had commenced against the defendants Long Island Vitreo-Retinal Consultant, P.C., Juan M. Romero, and Eric P. Shakin.
The plaintiff alleged that Broderick was negligent in rendering ophthalmological care on three dates: February 25, 2011, July 15, 2011, and December 6, 2013. The plaintiff's bill of particulars alleged that Broderick failed to diagnose and treat the plaintiff for a glaucoma condition on those dates. Broderick and OCLI (hereinafter together the moving defendants) moved pursuant to CPLR 3211(a)(5) to dismiss the amended complaint insofar as asserted against them as time-barred. The Supreme Court denied the motion, and the moving defendants appeal.
A medical malpractice action "must be commenced within two years and six months of the act, omission or failure complained of or last treatment where there is continuous treatment [*2]for the same illness, injury or condition which gave rise to the said act, omission or failure" (CPLR 214-a).
A defendant who seeks dismissal of a complaint on the ground that it is barred by the statute of limitations bears the initial burden of proving, prima facie, that the time in which to commence an action has expired (see CPLR 214-a; Gomez v Katz, 61 AD3d 108, 113; Kaufmann v Fulop, 47 AD3d 682, 683). Here, the moving defendants established, prima facie, that the acts of malpractice which allegedly occurred on February 25, 2011, and July 15, 2011, took place more than two years and six months before the action was commenced. Accordingly, the burden shifted to the plaintiff to raise a triable issue of fact as to whether those allegations fall within an exception to the statute of limitations or whether the continuous treatment doctrine applies to toll the statute of limitations (see Schwelnus v Urological Assoc. of L.I., P.C., 94 AD3d 971, 973).
The plaintiff failed to raise a triable issue of fact as to the existence of a continuous course of treatment with Broderick for the same conditions or complaints underlying his allegations of medical malpractice. "Under the continuous treatment doctrine, the limitations period does not begin to run until the end of the course of treatment if three conditions are met: (1) the patient continued to seek, and in fact obtained, an actual course of treatment from the defendant physician during the relevant period'; (2) the course of treatment was for the same conditions or complaints underlying the plaintiff's medical malpractice claim'; and (3) the treatment is continuous'" (Murray v Charap, 150 AD3d 752, 754, quoting Gomez v Katz, 61 AD3d at 111-112).
Although the plaintiff underwent a series of surgeries on his right eye that were performed by other physicians, the plaintiff testified at his deposition that he saw Broderick for the sole purpose of being fitted with contact lenses. The plaintiff described Broderick as "[his] contact lens doctor." Consistent with the plaintiff's testimony, Broderick testified at his deposition: "[The plaintiff] was adamant that he only wanted contact lenses from me, no medical or surgical treatment from me. He was adamant about that." The plaintiff made appointments with Broderick only when he needed a contact lens prescription, and he saw other eye surgeons and specialists for his other eye care. On February 25, 2011, when the plaintiff presented to Broderick for a contact lens prescription, the plaintiff was taking glaucoma medication as a result of a surgery he underwent in December 2010, performed by Romero. Broderick had received a note from Romero indicating that Romero was treating the plaintiff post-operatively with glaucoma medication. The plaintiff did not seek treatment for glaucoma from Broderick at that time. When the plaintiff saw Broderick again on July 15, 2011, the purpose of that visit was to attempt another contact lens fitting. On December 6, 2013, more than two years later, the plaintiff asked Broderick to check the pressure in his right eye for the plaintiff's convenience to avoid a trip into New York City to visit his eye doctor.
Under these circumstances, the plaintiff's sporadic visits to Broderick failed to raise a triable issue of fact as to a continuous course of treatment for a glaucoma condition (see Young v New York City Health & Hosps. Corp., 91 NY2d 291, 296; Yanez v Watkins, 164 AD3d 547, 549). "A patient's continuing general relationship with a physician, or routine, periodic health examinations will not satisfy the doctrine's requirement of continuous treatment of the condition upon which the allegations of medical malpractice are predicated" (Young v New York City Health & Hosps. Corp., 91 NY2d at 296 [internal quotation marks omitted]).
Accordingly, the moving defendants were entitled to dismissal of the amended complaint to the extent that it alleged acts of malpractice occurring on February 25, 2011, and July 15, 2011. However, the moving defendants failed to establish that the acts of malpractice alleged to have occurred on December 6, 2013, were time-barred, as that date was less than two years and six months prior to commencement of this action against them.
DILLON, J.P., DUFFY, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court