Badr v Blumberg (2020 NY Slip Op 04818)





Badr v Blumberg


2020 NY Slip Op 04818


Decided on September 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2017-06888 
2017-06897
2017-07921
 (Index No. 35885/14)

[*1]Lydia Badr, appellant, 
v
Kenneth I. Blumberg,, etc., defendant, Nyack Hospital, et al., respondents.


Doyle & Broumand, LLP, Bronx, NY (Michael B. Doyle of counsel), for appellant.
Wilson, Elser, Moskowitz, Edelman & Dicker, New York, NY (Judy C. Selmeci of counsel), for respondent Nyack Hospital.
Pilkington & Leggett, P.C., White Plains, NY (Michael N. Romano of counsel), for respondent Bradley Cohen.
Litchfield Cavo, LLP, New York, NY (Edward M. Fogarty, Jr., of counsel), for respondent United Hospice of Rockland, Inc.



DECISION & ORDER
In an action to recover damages for medical malpractice, the plaintiff appeals from (1) an order of the Supreme Court, Rockland County (Thomas E. Walsh II, J.), dated April 7, 2017, (2) an order of the same court dated May 18, 2017, and (3) a judgment of the same court dated June 1, 2017. The order dated April 7, 2017, granted the motion of the defendant United Hospice of Rockland, Inc., pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against it as time-barred. The order dated May 18, 2017, granted the motion of the defendant Bradley Cohen pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against him as time-barred. The judgment, upon an order of the same court dated May 17, 2017, granting the motion of the defendant Nyack Hospital pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against it as time-barred, is in favor of that defendant and against the plaintiff dismissing the amended complaint insofar as against it.
ORDERED that the orders dated April 9, 2017, and May 18, 2017, are affirmed; and it is further,
ORDERED that the judgment is reversed, on the law, the motion of the defendant Nyack Hospital pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as against it as time-barred is denied, and the order dated May 17, 2017, is modified accordingly; and it is further,
ORDERED that one bill of costs is awarded to the defendants United Hospice of Rockland, Inc., and Bradley Cohen payable by the plaintiff, and one bill of costs is awarded to the plaintiff payable by the defendant Nyack Hospital.
In this medical malpractice action, the plaintiff allegedly was under the care of the defendants Bradley Cohen and Nyack Hospital on or about December 30, 2013. At that time, Cohen and Nyack Hospital allegedly misinterpreted an MRI of the plaintiff's brain, concluding that she had leptomeningeal carcinomatosis disease. As a result, the plaintiff was then placed under the care of the defendant United Hospice of Rockland, Inc. (hereinafter United Hospice). The plaintiff further alleged that on or about March 27, 2014, it was determined that she did not have leptomeningeal carcinomatosis disease, and she was discharged from hospice care at that time.
In December 2014, the plaintiff commenced this action against, among others, Nyack Hospital. In October 2016, the plaintiff amended the complaint, inter alia, to include Cohen and United Hospice as additional defendants. United Hospice, Cohen, and Nyack Hospital separately moved pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against each of them as time-barred. In three separate orders dated April 7, 2017, May 17, 2017, and May 18, 2017, the Supreme Court granted each defendant's motion, and in a judgment dated June 1, 2017, the court dismissed the amended complaint insofar as asserted against Nyack Hospital. The plaintiff appeals.
We agree with the Supreme Court's determination to grant the separate motions of United Hospice and Cohen pursuant to CPLR 3211(a) to dismiss as time-barred the amended complaint insofar as asserted against each of them. In support of their separate motions, those defendants each established, prima facie, that this action, insofar as asserted against each of them, was barred by the relevant statute of limitations at the time the amended complaint was filed (see CPLR 214-a; Young v New York City Health & Hosps. Corp., 91 NY2d 291, 295). In opposition, the plaintiff failed to raise a question of fact as to whether she continued to seek, and in fact obtained, continuing treatment for leptomeningeal carcinomatosis disease from either Cohen or United Hospice after she was discharged from their care on March 27, 2014 (see Gomez v Katz, 61 AD3d 108, 111-112).
However, the Supreme Court should have denied Nyack Hospital's motion pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against it. The action against Nyack Hospital, which was commenced in December 2014, was timely (see CPLR 214-a). Nyack Hospital's remaining contentions are either not properly before this Court or without merit. Accordingly, we reverse the judgment entered in favor of Nyack Hospital and against the plaintiff, and modify the order dated May 17, 2017, accordingly.
CHAMBERS, J.P., AUSTIN, MILLER and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court