*744 The Supreme Court properly granted that branch of the motion of the defendant Stephen Roberts which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against him. An action alleging medical malpractice “must be commenced within two years and six months of the act, omission or failure complained of or last treatment where there is continuous treatment for the same illness, injury or condition which gave rise to the said act, omission or failure” (CPLR 214-a).
Here, in support of his motion, Roberts established that the last time he treated the injured plaintiff was on May 17, 2005, when he referred the injured plaintiff to a urologist. The statute of limitations therefore expired on November 17, 2007, and this action was untimely commenced on March 14, 2008. The burden then shifted to the plaintiffs to raise an issue of fact as to whether this action was timely commenced (see Massie v Crawford, 78 NY2d 516, 519 [1991]; Matteawan On Main, Inc. v City of Beacon, 109 AD3d 590 [2013]; Rakusin v Miano, 84 AD3d 1051 [2011]).
The plaintiffs failed to raise an issue of fact as to whether the continuous treatment doctrine applies to toll the statute of limitations. The purpose of the continuous treatment doctrine is to ameliorate the harshness of a rule which ties accrual of a malpractice action to the date of the offending act, creating a dilemma for the patient, who must choose between silently accepting continued corrective treatment from the offending physician, with the risk that his claim will be time-barred, or promptly instituting an action, with the risk that the physician-patient relationship will be destroyed (see Rizk v Cohen, 73 NY2d 98, 104 [1989]). Thus, the continuous treatment doctrine applies when further treatment is explicitly anticipated by both physician and patient, as manifested in the form of a regularly scheduled appointment for the near future, agreed upon during that last visit, which is for the purpose of administering ongoing corrective efforts for the same or a related condition (see Richardson v Orentreich, 64 NY2d 896, 898-899 [1985]; Schrank v Lederman, 52 AD3d 494 [2008]). “Included within the scope of ‘continuous treatment’ is a timely return visit instigated by the patient to complain about and seek treatment for a matter related to the initial treatment” (McDermott v Torre, 56 NY2d 399, 406 [1982]).
Here, the plaintiffs have not shown that the injured plaintiff continued to seek, and in fact obtained, an actual course of treatment from Roberts during the relevant period (see Gomez v Katz, 61 AD3d 108, 111-112 [2009]). There was simply no fur *745 ther plan for care or treatment once Roberts referred the injured plaintiff to a urologist on May 17, 2005. The failure to establish a course of treatment cannot itself constitute a “course of treatment” for the purpose of tolling the statute of limitations (see Nykorchuck v Henriques, 78 NY2d 255, 259-260 [1991]; see also Williamson v PricewaterhouseCoopers LLP, 9 NY3d 1, 8-9 [2007]; Young v New York City Health & Hosps. Corp., 91 NY2d 291, 296-297 [1998]). The Supreme Court therefore properly granted that branch of Roberts’s motion which was pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against him as time-barred.
The parties’ remaining contentions either are without merit or need not be reached in light of our determination. Skelos, J.P., Balkin, Leventhal and Sgroi, JJ., concur.