■ MELISSA LEACE, Appellant, v JAMES KOHLROSER, D.O., et al., Defendants, and JEFFREY NAKHJAVAN, D.O., et al., Respondents. [55 NYS3d 434]—

---

In an action to recover damages for medical malpractice and lack of informed consent, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Mayer, J.), dated March 20, 2015, as granted that branch of the motion of the defendant Elliot Eisenberger, and those branches of the separate cross motions of the defendant Good Samaritan Hospital Medical Center and the defendants Jeffrey Nakhjavan, and Jeffrey M. Nakhjavan, D.O., P.C., which were pursuant to CPLR 3211 (a) (5) to dismiss the cause of action alleging medical malpractice insofar as asserted against each of them as time-barred.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

In January 2008, the plaintiff, who suffered from Crohn's disease, was under the care of her treating gastroenterologist, the defendant James Kohlroser, who advised her to swallow a

capsule camera in order to undergo a capsule endoscopy. The camera inside the capsule transmitted pictures to a computer worn by the plaintiff during the procedure, which lasted approximately six to eight hours. The capsule camera was expected to pass through and exit the plaintiff in the normal course of digestion. However, a CAT scan taken of the plaintiff in January 2009 revealed the presence of a metallic object lodged inside her intestines. The plaintiff alleged that she was never advised of the results of the 2009 CAT scan. A subsequent CAT scan performed in 2011 revealed the presence of the endoscopic capsule camera inside the plaintiff's intestines. The capsule camera had to be surgically removed.

In August 2011, the plaintiff commenced the instant action, alleging medical malpractice and lack of informed consent, against Kohlroser and his medical group, her primary care physician, Jeffrey Nakhjavan, and his medical practice, the radiologist who interpreted the 2009 CAT scan, Elliott Eisenberger, and the hospital where the CAT scan was performed, Good Samaritan Hospital Medical Center (hereinafter the hospital). Eisenberger moved pursuant to CPLR 3211 (a) (5) to dismiss the complaint insofar as asserted against him as time-barred. Nakhjavan and his medical practice, and the hospital, separately cross-moved for the same relief. The Supreme Court granted the motion and the cross motions, and the plaintiff appeals from so much of the order as granted those branches of the motion and cross motions which were to dismiss the cause of action alleging medical malpractice.

"To dismiss a cause of action pursuant to CPLR 3211 (a) (5) on the ground that it is barred by the applicable statute of limitations, a defendant bears the initial burden of demonstrating, prima facie, that the time within which to commence the action has expired" (*Stewart v GDC Tower at Greystone*, 138 AD3d 729, 729 [2016]; *see Geotech Enters., Inc. v 181 Edgewater, LLC*, 137 AD3d 1213, 1214 [2016]; *Vissichelli v Glen-Haven Residential Health Care Facility, Inc.*, 136 AD3d 1021, 1022 [2016]; *Barry v Cadman Towers, Inc.*, 136 AD3d 951, 952 [2016]). "If the defendant satisfies this burden, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period" (*Barry v Cadman Towers, Inc.*, 136 AD3d at 952; *see Stewart v GDC Tower at Greystone*, 138 AD3d at 730; *Geotech Enters., Inc. v 181 Edgewater, LLC*, 137 AD3d at 1214; *Vissichelli v Glen-Haven Residential Health Care Facility, Inc.*, 136 AD3d at 1022). Here, in opposition to

the moving defendants' prima facie showing that the time in which to commence the cause of action alleging medical malpractice had expired, the plaintiff failed to raise a question of fact as to whether the statute of limitations was tolled pursuant to the foreign object discovery rule of CPLR 214-a.

Generally, "[a]n action for medical . . . malpractice must be commenced within two years and six months of the act, omission or failure complained of" (CPLR 214-a). However, "where the action is based upon the discovery of a foreign object in the body of the patient, the action may be commenced within one year of the date of such discovery or of the date of discovery of facts which would reasonably lead to such discovery, whichever is earlier" (CPLR 214-a). The statute provides that a "fixation device" is not a "foreign object" (CPLR 214-a).

" '[I]n determining whether an object which remains in the patient constitutes a foreign object, [courts] should consider the nature of the materials implanted in a patient, *as well as their intended function*' " (*Walton v Strong Mem. Hosp.*, 25 NY3d 554, 572 [2015], quoting *Rockefeller v Moront*, 81 NY2d 560, 564 [1993]). "In short, every fixation device is intentionally placed for a continuing (even if temporary) treatment purpose, but it does not follow that everything that is intentionally placed for a continuing treatment purpose is a fixation device" (*Walton v Strong Mem. Hosp.*, 25 NY3d at 572). Thus, in determining whether objects are foreign objects pursuant to CPLR 214-a, "[t]he question then becomes whether [the objects] are analogous to tangible items like . . . [surgical] clamps . . . or other surgical paraphernalia (e.g., scalpels, sponges, drains) likewise introduced into a patient's body solely to carry out or facilitate a surgical procedure" (*Walton v Strong Mem. Hosp.*, 25 NY3d at 573).

The capsule camera at issue herein was used diagnostically to visualize the condition of the plaintiff's intestines. It was not used or even introduced into the plaintiff's body in the course of a surgical procedure. Rather, the capsule camera was knowingly and intentionally swallowed by the plaintiff with the expectation that it would travel through her digestive system until eliminated in the regular course of digestion. Thus, the malpractice alleged against the moving defendants, the failure to recognize from the 2009 CT scan that the observed metallic object was a retained endoscopic capsule camera, and to advise the plaintiff of such, " 'is most logically classified as one involving misdiagnosis—a category for which the benefits of the "foreign object" discovery rule have routinely been denied' " (*id.* at 567, quoting *Rodriguez v Manhattan Med.*

*Group,* 77 NY2d 217, 222-223 [1990]). Accordingly, the Supreme Court correctly rejected the plaintiff's argument that the statute of limitations was tolled by the foreign object discovery rule so as to render the cause of action alleging malpractice timely. Mastro, J.P., Leventhal, Austin and Roman, JJ., concur.