Livsey v Nyack Hosp. (2018 NY Slip Op 08289)





Livsey v Nyack Hosp.


2018 NY Slip Op 08289


Decided on December 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SANDRA L. SGROI
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2016-11227
 (Index No. 32061/13)

[*1]William F. Livsey III, respondent, 
v
Nyack Hospital, appellant, et al., defendant.


Schiavetti, Corgan, DiEdwards, Weinberg & Nicholson, LLP, New York, NY (Angela M. Ribaudo of counsel), for appellant.
The Coffinas Law Firm, PLLC, New City, NY (George G. Coffinas of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for medical malpractice, the defendant Nyack Hospital appeals from an order of the Supreme Court, Rockland County (Robert M. Berliner, J.), dated October 13, 2016. The order denied that defendant's motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it as time-barred, or, alternatively, for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is reversed, on the law, with costs, that branch of the defendant Nyack Hospital's motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it as time-barred is granted, and that branch of that defendant's motion which was for summary judgment dismissing the complaint insofar as asserted against it is denied as academic.
In 2013, the plaintiff commenced this action sounding in medical malpractice. He alleged that in or about September 1993, he underwent surgery at the defendant Nyack Hospital (hereinafter the defendant), during which a ureteral stent/catheter was inserted, and that the defendant negligently failed to subsequently remove the device, thereby causing him injury. The ureteral stent/catheter at issue was discovered and removed from the plaintiff's body in 2012. The defendant disputes that the ureteral stent/catheter discovered in 2012 was inserted into the plaintiff's body during the 1993 surgery. However, by the time this action was commenced, the medical records from the 1993 surgery were no longer available (see Education Law § 6530[32]; 8 NYCRR 29.2[a][3]).
The defendant moved pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against it as time-barred, or, alternatively, for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court denied the motion. The defendant appeals.
Generally, "[a]n action for medical . . . malpractice must be commenced within two years and six months of the act, omission or failure complained of" (CPLR 214-a). However, "where the action is based upon the discovery of a foreign object in the body of the patient, the action may [*2]be commenced within one year of the date of such discovery or of the date of discovery of facts which would reasonably lead to such discovery, whichever is earlier" (id.). "In determining whether an object which remains in the patient constitutes a foreign object,' the courts should consider the nature of the materials implanted in a patient, as well as their intended function" (Rockefeller v Moront, 81 NY2d 560, 564; see Walton v Strong Mem. Hosp., 25 NY3d 554, 573).
Here, in opposition to the defendant's prima facie showing that the time in which to commence this medical malpractice action had expired, the plaintiff failed to raise a triable issue of fact as to whether the ureteral stent/catheter allegedly inserted in his body was a "foreign object" such that the discovery rule should apply. According to the parties' experts, a ureteral stent/catheter is a tube that bridges the kidney to the bladder, and is inserted and intentionally left in a patient for up to six months to assist in the draining of the kidney when the ureter is obstructed or when damage to the ureter was repaired and it is healing. The parties' experts agree that if a ureteral stent/catheter was inserted in the plaintiff's body during the 1993 procedure, then it was intentionally left in his body for the purpose of assisting in the draining of the kidney. Thus, the device was retained in the plaintiff's body (if inserted at all) for " postsurgery healing purposes'" and was not "analogous to tangible items" or "surgical paraphernalia," such as clamps, scalpels, sponges, and drains, "introduced into a patient's body solely to carry out or facilitate a surgical procedure" (Walton v Strong Mem. Hosp., 25 NY3d at 573, quoting LaBarbera v New York Eye & Ear Infirmary, 91 NY2d 207, 212). For these reasons, the ureteral catheter/stent was not a "foreign object," and the action should have been dismissed as time-barred (see LaBarbera v New York Eye & Ear Infirmary, 91 NY2d at 212-213; see also Leace v Kohlroser, 151 AD3d 707, 709).
In light of our determination, we need not reach the parties' remaining contentions.
CHAMBERS, J.P., SGROI, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court