Ortiz v New York City Health & Hosps. Corp. (2020 NY Slip Op 05765)





Ortiz v New York City Health & Hosps. Corp.


2020 NY Slip Op 05765


Decided on October 14, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 14, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2018-14798
 (Index No. 25039/09)

[*1]Maritza Ortiz, etc., appellant, 
v
New York City Health & Hospitals Corporation, et al., respondents.


Napoli Skolnick, PLLC, Melville, NY (Joseph L. Ciacco of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York, NY (Aaron M. Bloom and Ellen Ravitch of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for medical malpractice and wrongful death, etc., the plaintiff appeals from an order of the Supreme Court, Kings County (Ellen M. Spodek, J.), dated August 16, 2018. The order granted the defendants' motion to dismiss so much of the complaint as was based on alleged acts of medical malpractice occurring before January 15, 2008, for failure to serve a timely notice of claim, and, thereupon, directed the dismissal of the complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof directing the dismissal of the complaint; as so modified, the order is affirmed, with costs to the defendants.
On October 2, 2007, Benigna Melendez (hereinafter the decedent) underwent a bilateral screening mammogram at the defendant Woodhull Medical and Mental Health Center (hereinafter Woodhull). On January 15, 2008, the decedent presented to Woodhull with a tender mass in her left breast. A biopsy of the mass was performed in February 2008, resulting in a finding of cancer. The decedent underwent further treatment before her death on November 14, 2008.
The plaintiff, as the administratrix of the decedent's estate, and individually, commenced this action to recover damages for medical malpractice and wrongful death. The defendants moved to "dismiss[] all claims for medical malpractice pertaining to care rendered prior to January 15, 2008 as time-barred for failing to [ful]fill the condition precedent of timely serving a Notice of Claim pursuant to General Municipal Law § 50-e." In opposing the motion, the plaintiff contended, inter alia, that the continuous treatment doctrine applied to toll the period within which the notice of claim had to be filed. In an order dated August 16, 2018, the Supreme Court determined that the notice of claim was untimely with respect to the October 2, 2007 mammogram, and that the continuous treatment doctrine did not apply. The court stated: "Defendants' motion to dismiss time-barred claims is granted. Plaintiff's complaints are dismissed, as to all defendants." The plaintiff appeals.
A medical malpractice action "accrues on the date when the alleged original negligent act or omission occurred" (Young v New York City Health & Hosps. Corp., 91 NY2d 291, 295). A [*2]notice of claim against a municipal corporation must be served within 90 days of the time the claim arises (see General Municipal Law § 50-e[1]). However, the continuous treatment doctrine may toll the 90-day period within which the notice of claim must be filed (see Smith v Cooper, 172 AD3d 776, 777). The doctrine applies when the course of treatment that includes the wrongful acts or omissions has run continuously and is related to the same original condition or complaint (see Young v New York City Health & Hosps. Corp., 91 NY2d at 296; Chestnut v Bobb-McKoy, 94 AD3d 659, 660). Here, in opposition to the defendants' prima facie showing, the plaintiff failed to raise a triable issue of fact as to whether the continuous treatment doctrine applied with respect to the October 2, 2007 mammogram (see Smith v Cooper, 172 AD3d at 778; see also Nespola v Strang Cancer Prevention Ctr., 36 AD3d 774, 775). Accordingly, we agree with the Supreme Court's determination to grant the defendants' motion to dismiss so much of the complaint as was based on alleged acts of medical malpractice occurring before January 15, 2008.
Since the dismissal of the complaint in its entirety was inconsistent with the Supreme Court's determination, the order must be modified to conform to the relief that was granted.
BALKIN, J.P., LEVENTHAL, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court