Baltzer v Westchester Med. Ctr. (2022 NY Slip Op 05826)

Baltzer v Westchester Med. Ctr.

2022 NY Slip Op 05826

Decided on October 19, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
ROBERT J. MILLER
LARA J. GENOVESI
LILLIAN WAN, JJ.

2020-04119
 (Index No. 65456/19)

[*1]Jonathan Baltzer, respondent,
v
Westchester Medical Center, appellant, et al., defendant.

Wilson, Bave, Conboy, Cozza & Couzens, P.C., White Plains, NY (William H. Bave, Jr., and Joel Hirschfeld of counsel), for appellant.
Shoshana T. Bookson (Pollack, Pollack, Isaac & DeCicco, New York, NY [Brian J. Isaac and Christopher J. Soverow], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for medical malpractice, the defendant Westchester Medical Center appeals from an order of the Supreme Court, Westchester County (Charles D. Wood, J.), dated April 24, 2020. The order, insofar as appealed from, denied that branch of that defendant's motion which was pursuant to CPLR 3211(a)(5) to dismiss the causes of action based on treatment rendered during the plaintiff's admission to the defendant Westchester Medical Center between January 6, 2017, and April 7, 2017, insofar as asserted against the defendant Westchester Medical Center, as time-barred.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant Westchester Medical Center which was pursuant to CPLR 3211(a)(5) to dismiss the causes of action based on treatment rendered during the plaintiff's admission to the defendant Westchester Medical Center between January 6, 2017, and April 7, 2017, insofar as asserted against that defendant, as time-barred, is granted.
Between January 6, 2017, and April 7, 2017, the plaintiff was hospitalized at the defendant Westchester Medical Center (hereinafter WMC), where he allegedly developed severe decubitus ulcers, or pressure sores. After his discharge, he was treated for this condition at several other medical facilities. He returned to WMC for an unrelated outpatient procedure in September 2018. In May 2019, the plaintiff began a course of treatment for his decubitus ulcers with Hisham Hourani of the Institute for Wound and Hyperbaric Medicine at New York Presbyterian/Hudson Valley Hospital. Hourani subsequently referred the plaintiff to WMC, where between July 25, 2019, and July 29, 2019, he was evaluated for surgical management of the worsening decubitus ulcer located on his left hip joint.
On September 26, 2019, the plaintiff commenced the instant action to recover damages for medical malpractice. WMC, a public corporation, moved pursuant to CPLR 3211(a)(5) and General Municipal Law § 50-e(1)(a) to dismiss the complaint insofar as asserted against it on the grounds, among others, that the complaint was time-barred and that the plaintiff failed to serve WMC with a notice of claim. The plaintiff cross-moved, inter alia, for leave to serve a late notice [*2]of claim, and for leave to amend the complaint to include allegations regarding WMC's treatment of the plaintiff in July 2019. By order dated April 24, 2020, the Supreme Court, inter alia, denied that branch of WMC's motion which was pursuant to CPLR 3211(a)(5) to dismiss the causes of action based on treatment rendered during the plaintiff's admission to WMC between January 6, 2017, and April 7, 2017, insofar as asserted against WMC, as time-barred. WMC appeals.
"A medical malpractice action 'accrues on the date when the alleged original negligent act or omission occurred'" (Ortiz v New York City Health & Hosps. Corp., 187 AD3d 929, 930, quoting Young v New York City Health & Hosps. Corp., 91 NY2d 291, 295). "However, the continuous treatment doctrine may toll the 90-day period within which the notice of claim must be filed" (Smith v Cooper, 172 AD3d 776, 777). "Under the continuous treatment doctrine, the limitations period does not begin to run until the end of the course of treatment if three conditions are met: (1) the patient continued to seek, and in fact obtained, an actual course of treatment from the defendant physician during the relevant period; (2) the course of treatment was for the same conditions or complaints underlying the plaintiff's medical malpractice claim; and (3) the treatment is continuous" (Mello v Long Is. Vitreo-Retinal Consultant, P.C., 172 AD3d 849, 850 [internal quotation marks omitted]). "Included within the scope of 'continuous treatment' is a timely return visit instigated by the patient to complain about and seek treatment for a matter related to the initial treatment" (McDermott v Torre, 56 NY2d 399, 406). "Medical visits concerning matters unrelated to the condition at issue giving rise to the claim are insufficient to invoke the benefit of the doctrine" (Smith v Cooper, 172 AD3d 776, 777-778; see Plummer v New York City Health & Hosps. Corp., 98 NY2d 263, 268).
A defendant who seeks dismissal of a cause of action pursuant to CPLR 3211(a)(5) "on the ground that it is barred by the statute of limitations bears the initial burden of [demonstrating], prima facie, that the time in which to commence [the] action has expired" (Mello v Long Is. Vitreo-Retinal Consultant, P.C., 172 AD3d at 850; see Campone v Panos, 142 AD3d 1126, 1127). "If the defendant satisfies this burden, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period" (Campone v Panos, 142 AD3d at 1127 [internal quotation marks omitted]; see Petito v Roberts, 113 AD3d 743, 744).
Here, WMC established, prima facie, that the action was not commenced within the applicable one year and 90 day limitations period (see Public Authorities Law § 3316[1]; Goldenberg v Westchester County Health Care Corp., 16 NY3d 323, 326) following the plaintiff's discharge on April 7, 2017 (see Mello v Long Is. Vitreo-Retinal Consultant, P.C., 172 AD3d at 850). In opposition, the plaintiff failed to raise a triable issue of fact as to the existence of a continuous course of treatment with WMC for the decubitus ulcers (see id. at 851; Campone v Panos, 142 AD3d at 1127; Petito v Roberts, 113 AD3d at 744). The plaintiff's only treatment by WMC after his April 2017 discharge was either unrelated to the condition at issue (see Ceglio v BAB Nuclear Radiology, P.C., 120 AD3d 1376, 1377), or was initiated only upon his current wound specialist's referral (see Cole v Richard G. Karanfilian, M.D., P.C., 117 AD3d 670, 672). Under the circumstances, the plaintiff failed to raise a triable issue of fact as to whether treatment was anticipated to continue by the plaintiff or WMC after April 2017, or whether there was "a timely return visit instigated by the patient to complain about and seek treatment for a matter related to the initial treatment" (McDermott v Torre, 56 NY2d at 406). Accordingly, the Supreme Court should have granted that branch of WMC's motion which was pursuant to CPLR 3211(a)(5) to dimiss the causes of action based on treatment rendered during the plaintiff's admission to WMC between January 6, 2017, and April 7, 2017, insofar as asserted against WMC, as time-barred.
LASALLE, P.J., MILLER, GENOVESI and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court