Ciancarelli v Timmins (2024 NY Slip Op 01793)

Ciancarelli v Timmins

2024 NY Slip Op 01793

Decided on April 3, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
WILLIAM G. FORD
JANICE A. TAYLOR, JJ.

2022-01326
 (Index No. 624222/19)

[*1]Jennifer Ciancarelli, respondent, 
v
Edward M. Timmins, etc., et al., defendants, John E. Stewart, etc., appellant.

Amabile & Erman, P.C., White Plains, NY (Nicole Callahan of counsel), for appellant.
Dell & Dean, PLLC (Joseph G. Dell and Mischel & Horn, P.C., New York, NY [Scott T. Horn and Andrew J. Fisher], of counsel), for respondent.

DECISION & ORDER
In a consolidated action, inter alia, to recover damages for medical malpractice, the defendant John E. Stewart appeals from an order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated January 24, 2022. The order denied that defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him and granted the plaintiff's cross-motion pursuant to CPLR 306-b for an extension of time to serve that defendant with the summons and complaint.
ORDERED that the order is reversed, on the law, with costs, the motion of the defendant John E. Stewart pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him is granted, and the plaintiff's cross-motion pursuant to CPLR 306-b for an extension of time to serve that defendant with the summons and complaint is denied.
In May 2020, the plaintiff commenced this action against the defendant John E. Stewart and another defendant, alleging that they engaged in a continuous course of treatment of her from June 2014 to October 2017 and that they failed to timely diagnose and treat her breast cancer. This action was subsequently consolidated with a separate, pending action commenced against certain other defendants. In April 2021, Stewart moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him on the grounds of untimeliness and lack of personal jurisdiction. In support of his motion, Stewart submitted evidence establishing that he treated the plaintiff on only one occasion, June 22, 2017, and that he had not been served with the summons and complaint. The plaintiff opposed the motion, relying solely on uncertified medical records in support of her contention that the complaint insofar as asserted against Stewart was timely interposed based on the date when she discovered Stewart's alleged negligence. She also cross-moved pursuant to CPLR 306-b for an extension of time to serve Stewart with the summons and complaint. In an order dated January 24, 2022, the Supreme Court denied Stewart's motion and granted the plaintiff's cross-motion. Stewart appeals.
"A defendant who seeks dismissal of a cause of action pursuant to CPLR 3211(a)(5) on the ground that it is barred by the statute of limitations bears the initial burden of [demonstrating], [*2]prima facie, that the time in which to commence [the] action has expired" (Baltzer v Westchester Med. Ctr., 209 AD3d 815, 817 [internal quotation marks omitted]; see Weinstein v Gewirtz, 208 AD3d 717, 718; Leace v Kohlroser, 151 AD3d 707, 708-709). "The burden then shifts to the nonmoving party to raise a question of fact as to the applicability of an exception to the statute of limitations, as to whether the statute of limitations was tolled, or as to whether the action was actually commenced within the applicable limitations period" (Berger v Stolzenberg, 158 AD3d 738, 739; see Baltzer v Westchester Med. Ctr., 209 AD3d at 817; Weinstein v Gewirtz, 208 AD3d at 718; Campone v Panos, 142 AD3d 1126, 1127; Singh v New York City Health & Hosps. Corp. [Bellevue Hosp. Ctr. & Queens Hosp. Ctr.], 107 AD3d 780, 781).
Generally, an action to recover damages for medical malpractice "'must be commenced within two years and six months of the act, omission or failure complained of'" (Leace v Kohlroser, 151 AD3d at 709, quoting CPLR 214-a). However, "where the action is based upon the alleged negligent failure to diagnose cancer or a malignant tumor, whether by act or omission, the action may be commenced within two years and six months" of the time the plaintiff knew or reasonably should have known of such alleged negligent act or omission (CPLR 214-a[b]).
Here, in opposition to Stewart's prima facie showing that the time in which to commence a medical malpractice action against him had expired, the plaintiff failed to submit competent evidence (see id. § 4518[c]; Sherrod v Mount Sinai St. Luke's, 204 AD3d 1053, 1057; McLoud v Reyes, 82 AD3d 848; Jajoute v New York City Health & Hosps. Corp., 242 AD2d 674, 676) sufficient to raise a question of fact as to whether the statute of limitations was tolled by the discovery rule of CPLR 214-a(b) (see Baltzer v Westchester Med. Ctr., 209 AD3d at 817; Livsey v Nyack Hosp., 167 AD3d 591, 592; Cohen v Gold, 165 AD3d 879, 881; Leace v Kohlroser, 151 AD3d at 709). Accordingly, the Supreme Court should have granted Stewart's motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him.
Further, the Supreme Court should have denied the plaintiff's cross-motion pursuant to CPLR 306-b for an extension of time to serve Stewart with the summons and complaint. Since the action was not timely commenced against Stewart, the court lacked the authority to extend the plaintiff's time to serve him (see id. § 201; Stein v Davidow, Davidow, Siegel & Stern, LLP, 186 AD3d 774, 776; Quinones v Neighborhood Youth & Family Servs., Inc., 71 AD3d 1106; Henriquez v Inserra Supermarkets, Inc., 68 AD3d 927, 928).
The parties' remaining contentions need not be addressed in light of our determination.
DUFFY, J.P., CHRISTOPHER, FORD and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court