Douet v Mapp

2026 NY Slip Op 02824

May 6, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Franklin Douet, etc., respondent-appellant,

v

Randolph Mapp, etc., et al., appellants-respondents, Michael Crismali, etc., et al., respondents, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 6, 2026

2022-00157, (Index No. 20772/11)

Betsy Barros, J.P.

Paul Wooten

Janice A. Taylor

James P. McCormack, JJ.

Furman Kornfeld & Brennan LLP, New York, NY (Patrick J. Brennan of counsel), for appellants-respondents.

G. Wesley Simpson P.C., Brooklyn, NY, for respondent-appellant.

[*1]

DECISION & ORDER

In an action, inter alia, to recover damages for medical malpractice and wrongful death, etc., the defendants Randolph Mapp and Preferred Health Partners appeal, and the plaintiff cross-appeals, from an order of the Supreme Court, Kings County (Bernard J. Graham, J.), dated October 14, 2021. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for leave to reargue his opposition to the prior motion of the defendants Randolph Mapp, Preferred Health Partners, Michael Crismali, and Zaber Kahn for summary judgment dismissing the complaint, which had been granted in an order of the same court dated May 29, 2020, and, upon reargument, in effect, vacated so much of the order dated May 29, 2020, as granted those branches of those defendants' motion which were for summary judgment dismissing the complaint insofar as asserted against the defendants Randolph Mapp and Preferred Health Partners, and thereupon denied those branches of that motion. The order, insofar as cross-appealed from, upon reargument, adhered to a prior determination in the order dated May 29, 2020, granting those branches of the prior motion of the defendants Randolph Mapp, Preferred Health Partners, Michael Crismali, and Zaber Kahn which were for summary judgment dismissing the complaint insofar as asserted against the defendants Michael Crismali and Zaber Kahn and denying the plaintiff's prior motion, among other things, to strike the answer of the defendants Randolph Mapp, Preferred Health Partners, Michael Crismali, and Zaber Kahn for spoliation of evidence.

ORDERED that the order dated October 14, 2021, is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

On September 13, 2011, the plaintiff commenced this action, inter alia, to recover damages for medical malpractice and wrongful death against, among others, the defendants Randolph Mapp, Preferred Health Partners (hereinafter Preferred), Michael Crismali, and Zaber Kahn (hereinafter collectively the defendants). The plaintiff's wife, Pauline Douet (hereinafter the decedent), was a patient of the defendants from 1995 to 2010. In 2010, another medical provider diagnosed the decedent with metastatic lung cancer, and the decedent died a few months thereafter. The plaintiff alleged, among other things, that the defendants departed from good and accepted medical practice by failing to diagnose the decedent's lung cancer. In an order dated May 29, 2020, [*2]the Supreme Court denied the plaintiff's motion, inter alia, to strike the defendants' answer for spoliation of evidence and granted the defendants' motion for summary judgment dismissing the complaint.

Thereafter, the plaintiff moved, inter alia, for leave to reargue his opposition to the defendants' prior motion for summary judgment dismissing the complaint and his prior motion, among other things, to strike the defendants' answer for spoliation of evidence. In an order dated October 14, 2021, the Supreme Court, among other things, granted that branch of the plaintiff's motion which was for leave to reargue and, upon reargument, denied those branches of the defendants' prior motion which were for summary judgment dismissing the complaint insofar as asserted against Mapp and Preferred and adhered to its prior determination granting those branches of the defendants' motion which were for summary judgment dismissing the complaint insofar as asserted against Crismali and Kahn and denying the plaintiff's motion, inter alia, to strike the defendants' answer for spoliation of evidence. Mapp and Preferred appeal, and the plaintiff-cross appeals.

"On a motion for summary judgment dismissing a cause of action alleging medical malpractice, the defendant bears the initial burden of establishing that there was no departure from good and accepted medical practice or that any alleged departure did not proximately cause the plaintiff's injuries" (Donohue v Grossman, 233 AD3d 1003, 1005 [internal quotations marks omitted]). "Once a defendant has made such a showing, the plaintiff, in opposition, must submit evidentiary facts or materials to rebut the defendant's showing, but only as to those elements on which the defendant met the prima facie burden" (Wagner v Parker, 172 AD3d 954, 954; see Weber v Sharma, 232 AD3d 930, 931). "Summary judgment is not appropriate in a medical malpractice action where the parties adduce conflicting medical expert opinions" (Weber v Sharma, 232 AD3d at 931 [internal quotation marks omitted]), although "expert opinions that are conclusory, speculative, or unsupported by the record are insufficient to raise triable issues of fact" (Wagner v Parker, 172 AD3d at 955).

Here, the defendants established Mapp's and Preferred's prima facie entitlement to summary judgment dismissing the complaint insofar as asserted against them through the submission of the decedent's medical records and the defendants' expert physician's affirmation. The defendants' expert evaluated the decedent's medical records during the relevant time period and determined that the decedent did not present to any of the defendants, including Mapp, with symptoms of lung cancer or symptoms that required additional screening (see Feng Xie v New York City Health & Hosps. Corp., 226 AD3d 751, 752; Carradice v Jamaica Hosp. Med. Ctr., 198 AD3d 863, 864-865; Simpson v Edghill, 169 AD3d 737, 738).

However, in opposition, through the submission of his expert physician's affirmation, the plaintiff raised a triable issue of fact as to whether Mapp and Preferred departed from good and accepted medical practice by failing to diagnose or rule out lung cancer due to the presentation of the plaintiff's symptoms, her blood test results, and her history of chronic tobacco use disorder (see Feng Xie v New York City Health & Hosps. Corp., 226 AD3d at 752-753; Keane v Dayani, 178 AD3d 797, 799).

Contrary to the plaintiff's contention, the Supreme Court properly awarded Crismali and Kahn summary judgment dismissing the complaint insofar as asserted against them based on the statute of limitations. The defendants established, prima facie, that the action was untimely with respect to the treatment rendered by Crismali and Kahn (see CPLR 214-a; see also EPTL 5-4.1). In opposition, the plaintiff failed to raise a triable issue of fact as to whether the limitations period was tolled under the continuous treatment doctrine (see Young v New York City Health & Hosps. Corp., 91 NY2d 291, 296-297; Baltzer v Westchester Med. Ctr., 209 AD3d 815, 817; Mello v Long Is. Vitreo-Retinal Consultant, P.C., 172 AD3d 849, 851).

The parties' remaining contentions are without merit.

Accordingly, we affirm the order dated October 14, 2021, insofar as appealed and [*3]cross-appealed from.

BARROS, J.P., WOOTEN, TAYLOR and MCCORMACK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court